Motion to dismiss appeal denied November 10, 1931; argued February 15; affirmed March 28; rehearing denied May 9, 1933

## COCKERHAM *v.* POTTS ET AL.

(20 P. (2d) 423)

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson, of Portland, and Frank Holmes, of McMinnville, on the brief), for appellants Lorett.

*Vinton & Marsh,* of McMinnville, for appellant Cockerham.

*B. A. Kliks,* of McMinnville, for respondent.

BEAN, J. We will first consider the appeal of the Loretts. At the appropriate stages of the case, counsel for the Loretts moved for a judgment of involuntary nonsuit and for a directed verdict in favor of the Loretts, for the reason, first, that it appears that plaintiff has no capacity to sue and the court has no jurisdiction, since it appears there was no administrator

appointed until after the complaint was filed; second, that the complaint fails to state facts sufficient to constitute a cause of action against the Loretts on the ground of gross negligence; third, that plaintiff failed to introduce any evidence in the case which would constitute gross negligence as far as the operator of the car is concerned; fourth, that the defendants Lorett are not liable for the gross negligence of a member of their family over age; fifth, that the relation that exists between J. W. and Mary Lorett and Lucille Lorett is that of bailor and bailee and consequently the defendants could not be bound by the gross negligence of Lucille Lorett; sixth, that the action cannot continue as to both parties, against one for simple negligence and the other for gross negligence.

██ In regard to the capacity of plaintiff, the administrator, to sue, the plaintiff alleges in paragraph I of the complaint that on December 24, 1930, plaintiff J. T. Cockerham was duly appointed administrator of the estate of Joseph Cockerham, Jr., deceased, and the said J. T. Cockerham is now the duly appointed, qualified and acting administrator of the estate of Joseph Cockerham, Jr., deceased. In answer to that allegation, the defendants Lorett alleged that these answering defendants had "neither knowledge nor information sufficient to sustain a belief as to the truth or falsity of the allegations contained in paragraph I thereof, and therefore deny the same". Plaintiff contends that as the matter was one of record in the county court, this was not a denial of the allegation.

The general rule is that when the existence of an alleged fact may be ascertained from an inspection of a public record, its existence cannot be put in issue by a denial based solely upon information and belief,

or upon a want of information or belief. 1 Bancroft's Code Pleading, 607, § 415; Pomeroy's Code Remedies, (5th Ed.) 876, § 532. 1 Sutherland on Code Pleading, 293, § 472, reads in part: "He cannot plead ignorance of a public record to which he has access, and which affords him the means necessary to obtain positive knowledge". It is stated in Bliss on Code Pleading, (2d Ed.) 473, § 326, thus: "The rule is also clearly laid down that one will not be permitted to deny, even in the language of the statute, according to information and belief, when the facts are within his knowledge or he has the means of information".

The original complaint was filed December 24, 1930. On March 10, 1931, plaintiff filed an amended complaint. The letters of administration introduced in evidence were dated February 28, 1931.

Passing for a moment the matter of denial, counsel for defendants Lorett cite several respectable authorities from other states to the effect that on account of the letters of administration not having been issued at the time the original complaint was filed it would show, in effect, that no cause of action existed and that it could not be cured by a supplemental or amended pleading. We do not think that is the rule in this state. We are cited the case of *Everart v. Fischer,* 75 Or. 316 (145 P. 33, 147 P. 189), where plaintiff was appointed guardian *ad litem* for her sixteen-year old son. The complaint alleged the appointment of plaintiff as guardian, to which defendant filed a general denial. Plaintiff offered in evidence an order of the circuit court made on her own motion for her appointment as guardian. It was held on appeal to this court that it was incumbent on plaintiff to prove her appointment as guardian was a legal one. She could not be ap-

pointed guardian *ad litem* for her son, 16 years of age, without being nominated by him. That case differs from the present case in this, that it was not a matter that could be cured by amendment but it was shown by the proof that the appointment of a guardian *ad litem* was an illegal one.

Section 1-605, Oregon Code 1930, provides that the defendant may demur to the complaint when it appears upon the face thereof, among other grounds, that the plaintiff has not legal capacity to sue. Section 1-608 says: ''When any of the matters enumerated in section 1-605 do not appear upon the face of the complaint, the objection may be taken by answer''. And section 1-609 provides: ''If no objection be taken, either by demurrer, or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute. a cause of action. * * *'' *Scholl v. Belcher,* 63 Or. 310 (127 P. 968) ; 47 C. J. 179, § 333.

The proposition relating to whether plaintiff had the legal capacity to sue is not a question of whether the complaint states a cause of action or a question of jurisdiction. It is merely a question of whether plaintiff has legal capacity to sue and whether the objection thereto has been well taken.

In *Triphonoff v. Sweeney,* 65 Or. 299, 307 (130 P. 979), we find the following:

''This claim is tantamount to the contention that the action is not prosecuted by the real party in interest. In making such a defense where the same does not appear upon the face of the complaint, the defendant must state facts which constitute the defense and which show that the plaintiff is not the real party in interest''. Sturgis v. Baker, 43 Or. 236, 241 (72 P. 744).

In *Simon v Trummer,* 57 Or. 153 (110 P. 786), we find the following:

"Whether such a defense should be set up by a plea in abatement or in bar is not necessary to a decision herein, for, whatever practice is adopted, the rule seems to be well settled that an answer or plea interposing such an objection must be special and allege in direct terms that the plaintiff is not the real party in interest".

In Pomeroy's Code Remedies, (5th Ed.) 948, § 587, it is stated:

"The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect is not enough: the facts must be stated which constitute the defense and which show that he is not the real party in interest".

In *McGregor v. Oregon R. & N. Co.,* 50 Or. 527, 538 (93 P. 465, 14 L. R. A. (N. S.) 668), it was held that a defense by a carrier, that part of the goods sued for did not belong to plaintiff, could not be proved where not specially pleaded.

It is not specially pleaded by defendants Lorett that plaintiff was not the real party in interest or that he had no legal capacity to sue.

The record shows that on March 10, at the time of the filing of the amended complaint and at the time of the trial, plaintiff J. T. Cockerham was the duly appointed administrator of the estate of Joseph Cockerham, Jr., deceased. The defendants were not prejudiced by reason of the date of the letters of administration. There can be no question but that any judgment obtained by plaintiff would be a complete bar to any subsequent action for the cause mentioned in the complaint.

■■ The testimony tended to show and the jury was warranted in believing and finding, that the driver of

the Lorett car approached the intersection at a rate of speed of 25 miles per hour on the wrong or left side of the road and very close to the edge of the graveled road; that she proceeded on to the Dayton-McMinnville highway intersection at a speed of more than 15 miles per hour, going north of the intersection and on the Dayton-McMinnville highway on the left side of that highway, without any care or caution, without looking for traffic or cars on the Dayton-McMinnville pavement, when she could and should have approached the intersection on the right side of the graveled road, and if she had done so in a cautious manner she could have been seen and avoided by Potts; that she could and would have seen the Potts car for a distance of approximately 45 feet away when she reached the pavement; that if she had had the Ford car under proper control, the collision could have been avoided, and that she was grossly reckless and negligent, and entirely failed to observe the ordinary rules and dangers of the road. Nowhere in the record can we find any testimony indicating that Miss Lorett exercised any ordinary care. She evidently thought that there was no traffic on the Dayton-McMinnville highway at that time and place and that it was not necessary to use any care. The jury concluded that she operated the Ford in careless and reckless disregard of the rights or safety of Joseph Cockerham, Jr., and that she was operating the car at the request and for the defendants J. W. and Mary Lorett.

Gross negligence has been defined as the want or absence of or failure to exercise slight care or diligence; the entire absence of care; the want of that care and diligence which even careless, thoughtless or inattentive persons are accustomed to exercise. 45 C. J. 667, § 36.

Section 55-701, Oregon Code 1930, which was the law at the time this accident occurred, provides that the driver of a vehicle intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left.

Section 55-1007 provides:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person.

\*  \*  \*  \*  \*

"(3) Fifteen miles an hour when approaching within 50 feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last 50 feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of 200 feet from such intersection. \* \* \*"

Section 55-1209 provides as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others".

What would be gross negligence under one set of circumstances might not be under another, and the highly dangerous consequences to be apprehended in one case might contribute to render that gross negligence which would not be such in another case. To approach a highway, where there might be expected to be considerable traffic, in a reckless and careless manner, would be a greater degree of negligence than to approach a road where there was very little traffic.

In *Silver v. Silver*, 108 Conn. 371 (143 Atl. 240, 65 A. L. R. 943), we read:

"The language of the statute indicates an intention to limit such liability to two classes of cases, first, when the accident was caused by intentional misconduct, and second, when it was caused by heedless or reckless disregard of the rights of others, meaning thereby something more than the mere failure to exercise the care of a reasonably prudent man * * *". See Haugh v. Kirsch, 105 Conn. 429 (135 Atl. 568).

It is said that our guest statute emanated from the state of Connecticut.

■ The learned trial judge charged the jury that the Loretts would not be liable if Lucille Lorett was guilty only of an ordinary form of negligence, and, after quoting the statute in regard to liability as to a guest, the court instructed the jury as to gross negligence, among other instructions and explanations as follows:

"Gross negligence is the want or absence of or failure to exercise slight care or diligence; it is the want of that care and diligence which even careless, thoughtless or inattentive persons are accustomed to exercise; it is the failure to take such care as a person of common sense and reasonable skill in like business, but of careless habits would observe in avoiding injury to his own person or life under circumstances of equal or similar danger; it is a degree of negligence mate-

rially greater than ordinary negligence; it must be understood as meaning a greater want of care than is implied by the term 'ordinary negligence'. The circumstances of each particular case must be taken into consideration and in every case, it is for the jury to pass upon the particular conditions and circumstances.

"Gross negligence is materially more want of care than constitutes simple inadvertence; it is an act or omission respecting legal duty of an aggravated character, as distinguished from a mere failure to exercise ordinary care; it is a heedless and palpable violation of legal duty respecting the rights of others".

We think that the jury was properly instructed in regard to gross negligence and that the instructions of the court fairly and plainly submitted the case to the jury as to the liability of defendants Lorett. *Storla v. S. P. & S. Trans. Co.*, 136 Or. 315 (297 P. 367, 298 P. 1065); *Gill v. Selling*, 125 Or. 587 (267 P. 812, 58 A. L. R. 1556).

The appellants Lorett contend there was no evidence of gross negligence on the part of Lucille Lorett. We are satisfied from the record that it was a question for the jury to say whether or not, under all the facts and circumstances of the case, Miss Lorett was grossly negligent. Gross negligence was properly defined and the jury was correctly charged by the trial court. The jury viewed the scene of the accident and a large amount of testimony was taken in the case. We cannot say, as a matter of law, that Miss Lorett was not guilty of gross negligence, as defined by the trial court and as defined above.

Appellants cite and seek to apply the rule laid down in *Conrad v. Wheelock*, 24 Fed. (2d) 996, which reads:

" 'Wilful or wanton injury must have been intentional or the act must have been committed under cir-

cumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of the impending danger, to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. * * *.' "

We think the testimony tended to show that Miss Lorett failed "to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care", and that by the exercise of ordinary care Miss Lorett could have discovered the danger by driving the car in an ordinarily prudent manner on the right side of the road as she approached the intersection, where she could have seen the approaching car at some distance away; or by the exercise of ordinary care in coming to the Dayton-McMinnville highway at a slow rate of speed, she could have discovered the danger and avoided the accident, and she recklessly and carelessly neglected to look out for the danger in either manner.

■■ The appellants Lorett contend that they are not liable for the negligence of Lucile Lorett, who was a member of the Lorett family, mainly for the reason that she was over the age of 21 years at the time of the accident. The rule adopted in this state in the case of *Foster v. Farra,* 117 Or. 286 (243 P. 778), is that where a parent purchases an automobile for the use of the family and the parent contemplates that the car will be used for the convenience and pleasure of the members of the family, he is liable for the acts of negligence on the part of his children when such acts arise in the course of the pursuit of the purposes for which the car was bought. In that case the son, who was driving the car, was a minor. In the present case it appears that the defendant J. W. Lorett purchased the

automobile for the pleasure and convenience of the family and particularly Lucille Lorett, who was a member of that family and made her home with her parents. He purchased a driver's license for her. It was agreeable to the Loretts that she use the car, and they knew she was using the car, and Mr. Lorett gave his consent for her to use it on the day of the accident, and also gave his consent to transport Joseph Cockerham, Jr., with her. She was to carry the boy to his school. He was at that time temporarily stopping at the Lorett home. The jury was warranted in finding that Lucille Lorett was acting for her parents in transporting the boy to his school. It was all a family arrangement, and one in which they were all interested. After Lucille Lorett and the boy would have arrived at the boy's school, then, as was her custom, she intended to proceed to the place where she was teaching school, and it is claimed that when the car was so used it was for her own business. It seems to us, however, that the evidence warranted the jury in finding that it was then in use for the family purpose. It is not a great stretch of the imagination to think that the taking of a pupil to school, under these circumstances, is a family purpose. While Miss Lorett was of the age of majority she was nevertheless, and as the jury had the right to determine, a member of the Lorett family and the agent of her parents, and the owners of the car were responsible for her management thereof for the convenience of the Lorett family. Mr. Lorett did not drive the car; Mrs. Lorett drove it occasionally. *Davis v. Littlefield*, 97 S. C. 171 (81 S. E. 487); *Marshall v. Taylor*, 168 Mo. App. 240 (153 S. W. 527); *Gardiner v. Solomon*, 200 Ala. 115 (75 So. 621, L. R. A. 1917F, 380). See also cases cited in *Foster v. Farra*, supra. In

*Turner v. Gackle,* 168 Minn. 514 (209 N. W. 626), the father was held to be a member of the son's family. It is stated in 2 Berry on Automobiles, (6th Ed.) § 1473, 1223, as follows:

''As to whether the son was engaged in the father's business: It is the rule, supported by the better weight of authority (although there are cases seemingly taking a contrary view), that where a father provides an automobile for the purpose of furnishing members of his family with outdoor recreation, the use of the car for such purpose is within the scope of the father's business, analogously to the furnishing of food and clothing or ministering to their health''.

We learn from the same section that the rule is not a new one. In the old case of *Lashbrook v. Patten,* (1864) 1 Duv. (Ky.) 316, a minor son, while driving his two sisters to a picnic in his father's carriage, drawn by his father's horses and with his father's approbation, all of the children being members of his father's family, through negligence, ran against the carriage of another, causing damage. The father was held liable for the negligence of his son. When this work was published (Berry on Automobiles) in 1929, the rule prevailed in 21 states.

■ The appellants Lorett complain that the action cannot continue as to both parties, being simple negligence as to Potts and gross negligence as to the other defendants. The trial court plainly charged the jury that the defendant Potts would not be liable unless they found he was guilty of negligence which was the proximate cause of the injury, and that the deceased was not guilty of contributory negligence. As to the other defendants, who were separated from the defendant Potts by the instructions, the court charged that the Loretts would not be liable if Lucille Lorett

was guilty only of ordinary negligence, but that before they could find a verdict for plaintiff against the Loretts they must find she was guilty of gross negligence, and this was plainly defined by the instructions.

The learned trial court did not err in refusing to grant the motion for a nonsuit or the motion for a directed verdict and in submitting the case to the jury.

The appellants Lorett assign as error the refusal of the court to instruct the jury that Lucille Lorett was not required to bring her automobile to a complete stop before entering upon and traversing across or along said highway, and contend that in the absence of any statute there is no duty imposed upon a driver approaching an intersection of highways to stop the automobile. The court instructed the jury on this point as follows:

"I instruct you that the McMinnville-Dayton road, at the time and place of the accident, was not an arterial highway, and that the said Lucille Lorett was not required to bring her automobile to a complete stop before entering upon and traversing across or along said highway".

The requested instruction, therefore, was given.

Appellants also assign as error the refusal of the court to instruct the jury that operators of motor vehicles have the right to assume that others operating vehicles thereon will obey the traffic laws thereof, and in regard to the right of way. We find that the court instructed the jury plainly and in great detail, as requested by defendants upon those questions.

Appellants assign error in the instruction in regard to the family purpose doctrine, which has already been mentioned.

■ Appellants complain because the court instructed the jury in regard to the charge of contributory negligence on the part of Joseph Cockerham, Jr., made by defendant Potts. This feature of the case pertained solely to defendant Potts and could in no way prejudice these appellants.

■ The Loretts complain that the court instructed the jury to the effect that if Miss Lorett's view was obstructed, under the statutory provision, it constituted ordinary negligence for her to drive in excess of 15 miles per hour. The claim is made that plaintiff does not charge Miss Lorett with driving at too great a speed. Plaintiff charged Miss Lorett with having operated the automobile carelessly and heedlessly, in wanton reckless disregard for the rights and safety of others. Whether this question was germane to plaintiff's case or not, the defendant Potts was entitled to have the instruction with reference to the duty of Miss Lorett as pertaining to the Potts truck, as he alleged excessive speed on her part.

We find no reversible error in any of the instructions as to the appellants Lorett. Finding no error in the record, the judgment of the circuit court against J. W. and Mary Lorett is affirmed.

■ The plaintiff appeals from the judgment in favor of Bernard F. Potts. Counsel suggests that they believe Potts admitted his own negligence when he said he was operating his truck at a speed of from 25 to 35 miles per hour, but it would still be a question for the jury to determine whether that was the proximate cause of the accident. Plaintiff sets forth considerable testimony in his brief. From the record and from this candid statement of counsel for plaintiff, we believe that it was a question for the jury to determine as to

the negligence and liability of defendant Potts. It was possible for the jury to find that the accident occurred north of the intersection where Potts was driving upon his own side of the highway and suddenly came upon the car which was partially upon the highway driven by Miss Lorett, and that he could not possibly avoid the collision, and that the accident occurred solely on account of the gross negligence of Miss Lorett. It would not be advantageous to quote the testimony in the case. A careful examination of the record and the instructions shows that the case was fairly tried and submitted to the jury.

The judgment in favor of defendant Potts is therefore affirmed.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.