BANKS v. BANKS.

AUTOMOBILES—GUEST PASSENGERS—GRATUITOUS AMBULANCE—WIL-
    FUL AND WANTON MISCONDUCT.
    Defendant in whose car plaintiff, his brother, was a guest passen-
        ger, who had been previously injured to a then undetermined
        extent by falling from a ladder while painting a house and
        was being conveyed to a hospital, *held*, as a matter of law not
        guilty of wilful and wanton misconduct in running a second
        red light while operating his car as a gratuitous ambulance
        although clearly guilty of negligence.

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted January 6, 1938. (Docket No. 55, Cal-
endar No. 39,705.) Decided April 4, 1938.

Case by Charles Banks against D. D. Banks for
personal injuries sustained while a passenger in de-
fendant's automobile. Verdict for plaintiff. Judg-
ment for defendant *non obstante veredicto.* Plain-
tiff appeals. Affirmed.

*Russell W. Conroy* and *Allen & North,* for plain-
tiff.

*L. J. Carey* and *George J. Cooper (Ronald M.
Ryan,* of counsel), for defendant.

WIEST, C. J. Plaintiff and defendant are brothers.
The afternoon of September 23, 1935, plaintiff, while
painting a house, fell from a ladder. and received

injuries to his head, the extent of which were somewhat difficult of observation because the paint bucket threw paint in his face. His brother, the defendant herein, was called, came with an automobile and, while taking plaintiff to a hospital, ran a red light and his auto was struck by another at a street intersection, plaintiff thrown therefrom and received added injuries.

Claiming that, in running the red light at the point of collision and also a red light at a previous street intersection, after being cautioned by plaintiff, defendant was guilty of gross negligence or wilful and wanton misconduct (1 Comp. Laws 1929, § 4648), rendering him liable to respond in damages to plaintiff as his guest, this suit was brought and, upon trial by jury, plaintiff had verdict for $2,500.

At the close of plaintiff's proofs defendant moved the court to direct a verdict of not guilty. The court reserved decision thereon, proofs were submitted on the part of defendant and at the close of all the proofs defendant again moved for a directed verdict and, after verdict, moved for judgment *non obstante veredicto,* and the court entered judgment in favor of defendant.

Plaintiff reviews by appeal and contends that, under the evidence, the question of the alleged negligence of defendant was one of fact for consideration by the jury, and the court failed to consider the evidence in the light most favorable to plaintiff.

The court found that at an intersection, before reaching the place of collision, defendant ran a red light in safety but, in running the red light at the place of collision he was guilty of negligence but not of gross negligence or wilful and wanton misconduct.

The collision was at the intersection of North avenue and Calhoun street. Defendant was driving

north on North avenue and was struck by an automobile traveling east on Calhoun street. Defendant was on a direct route to the Leila Y. Post Montgomery Hospital on North avenue, using his automobile as a gratuitous ambulance to get his brother where his injuries might be ascertained and treated. This gave him no right to disobey traffic signals but, at that time, the nature and extent of plaintiff's injuries had not been ascertained and brotherly concern and excitement, rather than wilful and wanton misconduct in running the red light, occasioned the accident.

Defendant was clearly guilty of negligence but, under the stress of excitement and brotherly solicitude, we do not think he acted with conscious indifference, or in reckless disregard of consequences.

The judgment is affirmed, with costs to defendant.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. NORTH, J., did not sit.