**Joe HERNANDEZ et ux., Appellants,**

v.

**A. CASTILLO, d/b/a Mission Funeral Home, Appellee.**

**No. 13197.**

Court of Civil Appeals of Texas.

San Antonio.

May 22, 1957.

Rehearing Denied June 19, 1957.

James L. M. Miller, San Antonio, for appellants.

House, Mercer & House, James D. Cunningham, San Antonio, for appellee.

POPE, Justice.

Plaintiffs, Joe Hernandez and his wife, Benigna Hernandez, sued A. Castillo, doing business as Mission Funeral Home, for personal injuries suffered by Mrs. Hernandez when defendant's ambulance in which she was riding had a collision. The trial court denied a recovery by reason of the jury's finding that Mrs. Hernandez was a guest at the time of the collision. Art. 6701b, Vernon's Ann.Civ.Stats. All other controlling issues were favorable to plaintiffs, but gross negligence was not submitted. Plaintiffs objected to, and here assign as error, the court's submission of the guest issue, and they argue that the issue has no support in the evidence and is against the overwhelming preponderance of the evidence, that the form of the issue submitted is wrong, and that the guest statute does not apply to an ambulance company because it is a public carrier. Plaintiffs

also assert that the court reversibly erred in failing to submit an issue inquiring about defendant's gross negligence, which would entitle them to recover despite the finding that Mrs. Hernandez was a guest. We find no merit in any of the complaints.

■ The evidence presented a disputed issue of fact concerning Mrs. Hernandez' status as a guest. In the early morning of April 5, 1956, Joe Hernandez phoned defendant's place of business and ordered an ambulance to take his wife to the hospital for delivery of a child. Joe Hernandez talked to Henry Hernandez, his brother who worked for defendant. Henry, in the absence of defendant, was in charge of the funeral home. After the call, he drove an ambulance to the Hernandez home, placed his sister-in-law in the ambulance and started toward the hospital when the accident occurred at an intersection in the City of San Antonio. Defendant's proof that Mrs. Hernandez was a guest consisted of evidence that he had previously granted Henry, his employee, permission to transport his relatives without charge, and that on two prior occasions he had transported members of his family. There was no discussion between plaintiffs and defendant at any time before the accident about a charge. The defendant did not send plaintiffs a bill, either for the prior ambulance service or for the service on the night of the accident. Joe Hernandez stated that he never asked his brother to permit his wife to ride without charge. About thirty days after the accident, Mrs. Hernandez went to defendant's place of business and paid $5. Defendant testified: "Being that we hauled them free of charge, and that they owed some bills prior, before the last trip, so I applied it to the first trip, February 4." Plaintiffs therefore argue that the inferences are that defendant was keeping accounts and making charges, though he may not have been mailing bills. On cross-examination, Mrs. Hernandez stated that she made the $5 payment after she employed an attorney.

There was no direct evidence of an agreement, either that the ambulance services would or would not be furnished without charge. Nevertheless, there were inferences from the prior and subsequent conduct of the parties and from the whole situation presented by the facts. Enough facts were proved to raise reasonable inferences for a fact dispute. The jury was the judge of those conflicting inferences. Burt v. Lochausen, 151 Tex. 289, 249 S.W. 2d 194, 199; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616; Stephenville, N. & S. T. Ry. Co. v. Shelton, Tex.Com.App., 208 S.W. 915.

■ Plaintiffs objected to the special issue because it was vague, confusing, ambiguous and indirect. The issue was:

"Do you find, from a preponderance of the evidence, that when Joe Hernandez telephoned Henry Hernandez and asked him to convey his wife, Benigna Hernandez, to the hospital in an ambulance, it was mutually understood between them that there would not be any charge for said service."

Our discussion of that issue is limited to the nature of the objection. There was no objection that the issue misplaced the burden of proof, nor other matters about which the issue might be subject to objection. Plaintiffs focus their attention upon the telephone conversation just before Mrs. Hernandez was taken to the hospital, and they find no words of an agreement that the trip was an accommodation. They conclude that the normal and controlling inference would therefore be that plaintiffs would pay. We do not, however, read such a restricted inquiry into the issue. The case was tried and the evidence introduced on the theory that certain things happened before and after the trip from which jurors could find either way. The understanding between plaintiffs and defendant as it existed before the accident rather than after the accident was the thing about which the court inquired. The time when Joe Hernandez telephoned Henry

Hernandez fixed the terminus up to which an understanding to transport Mrs. Hernandez without charge would be binding upon defendant. The case was tried on that theory and plaintiffs were not confined by the issue to the single phone conversation. On the contrary, the evidence developed the whole situation, and nothing in the record indicates that plaintiffs were forbidden to argue, nor that they failed to argue that entire situation.

Plaintiffs next point is that a private ambulance company is a public carrier and expressly exempt from the law about a gratuitous guest, under the provisions of Sec. 2, Art. 6701b. This point is without merit. Mr. Justice Calvert cites the controlling authorities on this point in his opinion in Cedziwoda v. Crane-Longley Funeral Chapel, Tex., 283 S.W.2d 217, 223.

Finally, plaintiffs argue that even though Mrs. Hernandez may have been a guest, the evidence raised an issue about defendant's gross negligence in driving into a main thoroughfare against a red light, and the court should have granted their request issue. The ambulance was not driving as an emergency vehicle. It did not have on its red light nor siren. It was proceeding at a speed, at most, between thirty-five and forty miles an hour. It approached an intersection and proceeded into an intersection of two thoroughfares after a traffic light had changed from green to amber and a person in the ambulance had told him to "watch out." The line between ordinary negligence, Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001, and gross negligence, Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 is not easily drawn. In our opinion, however, the case is analagous to Rogers v. Blake, supra, which held that a failure to stop at a stop sign, though it was a conscious violation of the law, did not constitute gross negligence. McCarty v. Moss, Tex.Civ.App., 225 S.W.2d 883; Wood v. Orts, Tex.Civ.App., 182 S.W.2d 139.

The judgment is affirmed.