Argued December 9, 1959, affirmed February 3, argued on rehearing May 19, former opinion withdrawn; reversed and remanded September 14, 1960

## SECANTI *v.* JONES ET AL

349 P. 2d 274

355 P. 2d 601

*William C. Ralston,* Portland, argued the cause for appellants. With him on the brief were Phillips & Sandeberg, Portland.

*Burl L. Green,* Portland, argued the cause for respondent. On the brief were Green, Richardson, Green & Griswold, Portland.

Before McALLISTER, Chief Justice and WARNER, SLOAN and KING, Justices.

SLOAN, J.

The case results from an intersectional collision between a car in which plaintiff was a guest, operated by defendant Ron Jones, and another vehicle owned by defendant Seaport Shipping Co., operated by the defendant Mark Hunter Beach, Jr. A judgment of involuntary nonsuit was granted in favor of the defendants Beach and Seaport Shipping Co. without objection by plaintiff. The latter defendants are not involved in this appeal. Verdict and judgment were awarded plaintiff against defendants Jones and the latter appeal. The sole issue presented here is the refusal of the trial court to award an involuntary nonsuit or a directed verdict in favor of the appealing defendants; was there sufficient evidence of gross negligence on the part of the defendant Ron Jones to require jury determination. We do, therefore, review the evidence, and all inferences to be drawn therefrom, most favorable to plaintiff.

At the time of the accident in question plaintiff was a teen-age girl, the defendant Ron Jones, her boy friend of similar age. The car he was driving was owned by his mother, the defendant Leona Jones. In this opinion the word defendant will refer only to Ron Jones. The provisions of the guest statute, ORS 30.110, are too familiar to require repeating here.

The accident happened about midnight of September 23, 1956, at the intersection of S. E. Linn Street and S. E. 13th Avenue in Portland. Defendant was driving his car in a westerly direction on Linn Street, plaintiff was riding on the front seat to his right. No other persons were in the car. The defendant drove his car through a stop sign guarding the intersection of 13th Avenue, a through street, and collided with the other car operated by defendant Beach which was then proceeding in a northerly direction on 13th Avenue. There is no evidence to indicate that Beach was driving his car on 13th Avenue at an excessive rate of speed or with any other lack of due care. The headlights of that car were on and visible.

The record contains considerable testimony of events involving the plaintiff and defendant which occurred earlier in the evening and preceding the accident. There is no need to repeat that evidence other than to mention that at the time of the accident the defendant was looking for another car occupied by friends with whom they had been associated earlier in the evening. The plaintiff contended that the evidence revealed that at the time of the accident, and for the several blocks the car traveled immediately prior thereto, the defendant was concentrating on looking for the car filled with his friends instead of being attentive to his driving. The case can be decided on the facts of the accident.

The intersection of the accident appears to have been in an area predominantly residential. The two streets were level and paved. There is no evidence to indicate any obstruction of the defendant's view of the approach of the other car into the intersection. The defendant attempted to show that the stop sign, which commanded him to stop before entering the intersection, was partially obscure by plants growing along the parking area near the sign. By this evidence the defendant attempted to excuse his failure to see and heed the requirement of the sign. The evidence does not sustain such a belief. To the contrary, the evidence we must accept reveals that the sign was in clear view. The defendant also contends that he did not see the approach of the other car until it was only about 25 feet away and obviously too late to avoid a collision. The defendant testified that he simply did not look in the direction from which the other car was approaching.

The evidence in respect to the defendant's driving shows that he was driving his car at a speed of 25 to 35 miles per hour as he approached the intersection and that he did not reduce his speed when he drove into the intersection.

The evidence as to the position of the other car at the time defendant drove into the intersection is uncertain. The only direct evidence is that of the plaintiff who testified that when defendant's car approached the intersection she observed the other car. She thought it was about one-quarter to one-half of a block away. We have already mentioned that there was little evidence that the other car was being driven at excessive speed. The plaintiff was also the only witness to the speed of the other car. She estimated its speed to be 40 miles per hour. However, no one

testified or claimed that it was going at any greater rate of speed. The driver of the car was called as an adverse witness by plaintiff. None of the parties saw fit to ask defendant Beach his speed or his version of how the accident happened. It must have been that one party was afraid of his testimony and the other party glad of it. After limited examination by the adverse counsel it was apparent why his own counsel elicited no evidence from him. The only evidence sought from defendant Beach was as to alleged statements made by defendant at the scene of the accident.

Based upon the only evidence available, then, we think it fair to infer that the two cars must have approached the intersection almost simultaneously. There is certainly no evidence, or claim for that matter, that the other car approached so fast or so stealthily as to excuse the defendant's duty to see it if, in fact, he did not.

The evidence recited would have been sufficient to permit the jury to find that the defendant must have seen both the stop sign and the other car and decided that he would take the chance of beating the car through the intersection. In other words, it could be inferred that he was confronted with an observable obvious hazard and despite ample opportunity to avoid it, decided to accept the hazard.

It was for the jury to decide what inference was to be drawn from this evidence. The defendant contends that he did not see the sign, plainly in view, nor the approaching automobile, also plainly in view; and, therefore, he is only guilty of ordinary negligence. The jury could, and apparently did, believe that defendant saw both the sign and the car and was aware

of the hazard created but arbitrarily took the gamble.

In his brief the defendant concedes that: "If the evidence in the present case showed that Ron Jones saw the stop sign at 13th Avenue but paid no attention to it and deliberately drove across the intersection, it might possibly be contended that such conduct was heedless and was [in] disregard for the rights and safety of his passenger." At the trial the defendant was not asked and did not specifically testify whether he saw the sign or not. The only testimony on what he saw was in answer to the question:

"Q When you got to Linn Street, I mean when your got to 13th Street, what did you do?

"A Well, I was looking up to my right [where the sign was located] to see if I could see any cars and when I got in the intersection about the time I turned around I saw this guy coming right at me there."

The only testimony given that he did not see the sign was from the testimony of the defendant Beach, previously mentioned. Beach testified that right after the accident the defendant stated that he did not see the stop sign.

The evidence, therefore, would show that he looked in the direction of the sign and that the sign was in full view. The jury would have been justified in disbelieving the statements made at the scene of the accident and finding that the defendant did see what was there to be seen.

■ It appears to be untenable to say that a driver may deny seeing a hazard readily apparent and thereby contend he was only guilty of ordinary negligence when the evidence would otherwise show that there was no reasonable excuse for a failure to see. To sustain such a contention as a matter of law, as we

would be required to do to accede to defendant's contentions, would permit a driver to avoid his liability, regardless of the character and visibility of the hazard, by simply testifying that he did not look or see.

The case is very similar in fact to that of *Cockerham v. Potts,* 143 Or 80, 20 P2d 423. In that case the driver of the defendant's vehicle drove from a side road onto a more heavily traveled road without adequate lookout and collided with an oncoming truck. Even though no stop sign required the driver to stop in Cockerham, the court held that it was for the jury to decide if the driver was guilty of gross negligence in failing to slow down before entering the more heavily traveled road. It is true that, in Cockerham, the driver approached the intersection on the wrong side of the road. The ability of the offending driver to see the approaching truck would have been greater had she driven on her right side of the road, but that difference would be immaterial in relation to the present case for here the matter of visibility is unquestioned. In fact, the instant case is a stronger case for here a stop sign warned the defendant and the approaching hazard was apparent.

In the consideration of this case we have again reviewed the decisions of this court which have considered the problem of defining gross negligence. There is no occasion in this case to again recite the basis for decisions in the various cases. This has been done in *Turner, Adm'r, v. McCready et al,* 190 Or 28, 222 P2d 1010, and in a comprehensive note in 33 OLR 216. In this particular case the trial court instructed the jury at considerable length on the subject of gross negligence. The instructions defined the term in the language of the cases most favorable

to the defendant. Not only that, but the court repeatedly told the jury that it must find the defendant guilty of reckless and gross misconduct before it could return a verdict for the plaintiff. The instructions made it clear to the jury that something substantially greater than ordinary negligence was required to hold the defendant liable. No effort has been, or could be made, in this court to show that the instructions were not in keeping with the more strict rules adopted by this court.

We are told by the author of a paper on "The Major Issues in a Guest Case" in Ins L J, 583, (1954) at p 591 that: "One of the clearest and most concise judicial enunciations of the law upon this point [when a guest case must be submitted to a jury] is found in the Oregon case of *Herzog v. Mittleman,* 155 Ore. 624, 65 Pac. (2d) 384."

■ The facts and circumstances of this case require us to consider that the defendant entered into an intersection immediately in front of an approaching automobile without reducing his speed, without heeding a stop sign, and when there was no obstruction or impairment of visibility and with an inferable consciousness of the hazard. It was necessary for the jury to decide if these circumstances demonstrated a reckless disregard of plaintiff's safety. *Johnston v. Leach,* 197 Or 430, 438, 253 P2d 642.

Affirmed.

McALLISTER, C.J., dissenting.

In this case the defendant drove through a stop sign and collided with a car which came from his left. The accident occurred at night in a residential area of Portland. The defendant lived at Sandy and there is no evidence that he was familiar with this inter-

section or knew that he was approaching a stop sign. The only evidence bearing on whether or not he saw the stop sign tends to prove that he did not. The evidence most favorable to plaintiff tends to prove that defendant did not see the car approaching from his left until it was too late to avoid a collision.

The majority opinion holds that the jury could infer from the fact that the defendant should have seen the stop sign that he in fact did see the sign and with conscious disregard for the safety of his passenger, deliberately drove through the stop sign in a reckless attempt to beat the other car through the intersection.

In my opinion, it is just as reasonable to infer that defendant failed to stop at the stop sign because he failed to see it. It is a disputable presumption that "a person is innocent of crime or wrong." In the absence of evidence to the contrary, the jury is required by ORS 41.360[1] to find "according to the presumption." The defendant is entitled to the benefit of that presumption. See *Simpson v. Hillman,* 163 Or 357, 363, 97 P2d 517; *Schweiger et ux v. Solbeck et ux.,* 191 Or 454, 470, 230 P2d 195 and *Hillman v. Northern Wasco PUD,* 213 Or 264, 323 P2d 664.

The rule which I think is decisive of this case is stated very clearly in 2 Harper and James, The Law of Torts, § 19.4, p 1068:

> "The test is often expressed in this way: where from the facts most favorable to the plaintiff the nonexistence of the fact to be inferred is just as

---

[1] ORS 41.360. Disputable presumptions. All presumptions other than conclusive presumptions are satisfactory, unless overcome. They are disputable presumptions, and may be controverted by other evidence, direct or indirect, but unless so overcome, the jury is bound to find according to the presumption. The following are of that kind:
(1) A person is innocent of crime or wrong.
* * * * *.

probable as its existence (or more probable than its existence), the conclusion that it exists is a matter of speculation, surmise, and conjecture, and a jury will not be permitted to draw it. '[W] here the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that there is no sufficient proof.' "

The same rule is stated by Prosser on Torts (2nd ed), § 42, p 200:

"* * * What is required is evidence from which reasonable men may conclude that, upon the whole, it is more likely that there was negligence than that there was not. Where the conclusion is a matter of mere speculation or conjecture, or where the probabilities are at best evenly balanced between negligence and its absence, it becomes the duty of the court to direct the jury that the burden of proof has not been sustained."

The foregoing rule has been applied by this court in numerous cases. In *Owens v. Holmes*, 199 Or 332, 337, 261 P2d 383, this court said:

"* * * It is not necessary to establish negligence by direct and positive evidence; it may be established by circumstantial evidence. But where proof of negligence depends entirely upon circumstantial evidence, as here, it is necessary that the essential facts in the chain of circumstances be established by a preponderance of satisfactory evidence before a jury is entitled to draw any inference therefrom; the facts so established must be such that from them a reasonable inference of negligence may be drawn, and further, that the negligence so inferred was the proximate cause of the injury. *When the evidence shows two or more equally probable causes of injury, for not all of which defendant is responsible, no action for negligence can be maintained.*" (Emphasis supplied)

From *Simpson v. Hillman,* supra, the following is taken:

> "Res ipsa loquitur has no application. Hence, no presumption of negligence is created by the mere happening of the accident. Indeed, the law presumes the exercise of due care and it is incumbent upon the party charging negligence to establish it by the greater weight of the evidence. It is also fundamental that negligence cannot be predicated upon mere conjecture, guesswork, or speculation. It is not necessary to establish negligence by direct and positive evidence, but there must be facts from which a reasonable inference of negligence may be drawn. Is it more reasonable to assume that this child walked in front of the automobile and that the driver in the exercise of due care ought to have seen her in time to avoid injury than that the child unexpectedly darted out in front of the car or ran into the side thereof?"

Other cases in which the rule has been applied include the following: *Whelpley v. Frye, Adm'x,* 199 Or 530, 263 P2d 295; *Quetschke, Adm'x v. Peterson and Zeller,* 198 Or 598, 258 P2d 128; *Wintersteen v. Semler,* 197 Or 601, 250 P2d 420, 255 P2d 138; *Becker v. Tillamook Bay Lbr. Co. et al.,* 194 Or 134, 240 P2d 237; and *Horn v. National Hospital Association,* 169 Or 654, 131 P2d 455. The rule has also been uniformly applied in other jurisdictions. *Nash v. Raun,* 149 F2d 885, (3rd Cir 1945), cert den 326 US 758, 66 S Ct 99, 90 L ed 455; *Medina v. All America Bus Lines, Inc.,* 152 F2d 61 (5th Cir 1945); *Thompson v. Allen,* 240 F2d 266, 268 (10th Cir 1956); *Comet Freight Lines v. Holmes,* (Tex Civ App), 203 SW2d 233; *SW Greyhound Lines, Inc. v. Smith* (Okla) 277 P2d 157; *Johnson v. Mobile O. & R. Co.,* (Ky) 198 SW 538; *Lawson v. Anderson & Kerr Drilling,* 184 Okla 107, 84 P2d 1104.

It is further my opinion that driving through a

stop sign even though coupled with a failure to see an approaching vehicle does not constitute gross negligence without other substantial evidence of reckless disregard of the rights of another. *Becker v. Strater,* 117 Ind App 504, 72 NE2d 580; *Welch v. Minkel,* 215 Iowa 848, 246 NW 775; *Hansen v. Dall,* 220 Iowa 817, 263 NW 530; *Oxenger v. Ward,* 256 Mich 499, 240 NW 55; *Rogers v. Blake,* 150 Tex 373, 240 SW2d 1001; *Cusack v. Longaker,* 95 F2d 304 (2nd Cir 1938); and *Hernandez v. Castillo* (Tex Civ App), 303 SW2d 508. See, also, *Banks v. Banks,* 283 Mich 506, 278 NW 665.

In my opinion the trial court should have directed verdict for the defendant. I dissent.

## ON REHEARING

*Leo Levenson,* Portland, argued the cause for appellants. With him on the brief were Wm. C. Ralston and Phillips, Ralston & Poole, Portland.

*Burl L. Green,* Portland, argued the cause for respondent. On the brief were Green, Richardson, Green & Griswold.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

O'CONNELL, J.

Upon reconsideration of this cause we have concluded that our former opinion must be withdrawn.

The facts are set out in our former opinion. Upon reargument, plaintiff has placed particular emphasis upon the defendant's conduct as he approached the intersection of Linn Street and 13th Avenue, the scene of the accident. It was shown that defendant passed through four intersections immediately pre-

ceding the intersection at which the accident occurred; that he was travelling at a speed of 25 to 35 miles per hour; that he took his foot off the accelerator pedal as he approached each intersection but did not put his foot on the brake; that he was looking for a car containing his friends but was not looking for traffic as he approached the intersection. Plaintiff points to these facts as evidence of defendant's continuing course of negligent conduct and as a basis for the rule that a combination of several acts of ordinary negligence may constitute sufficient evidence of gross negligence, relying upon *Turner v. McCready,* 190 Or 28, 222 P2d 1010 (1950).

■ The principle set forth in *Turner v. McCready,* supra, that a combination of negligent acts may be sufficient to make out a case of gross negligence, as explained in *Williamson v. McKenna,* 223 Or 366, 354 P2d 56 (1960), "was more specifically delineated" in *Gonzalez v. Curtis,* 217 Or 561, at 563-4, 339 P2d 713 (1959). Gonzalez made it clear that, "although it may be shown that the occurrence was preceded by several acts of ordinary negligence, it is only when all of these acts combined with the existing circumstances show a foolhardy attitude on the part of the driver that gross negligence has been established."

Defendant proceeded through five intersections on Linn Street before he entered the intersection at Linn Street and 13th Avenue. Of the streets which formed these five intersections, three of them terminated at a dead-end not more than a block from Linn Street and consequently a relatively small amount of traffic moved across Linn Street at these intersections. At 12:30 a.m., the approximate time when defendant was travelling along this route, the traffic was light.

■ The circumstances relied upon by plaintiff evidence at best a failure to exercise reasonable care. The jury could not justifiably interpret such conduct as gross negligence. *Burrows v. Nash,* 199 Or 114, 259 P2d 106 (1953); *Gonzalez v. Curtis,* supra; *Williamson v. McKenna,* supra. Nor is the other conduct of the defendant relied upon by plaintiff as evidence of gross negligence sufficient to submit the case to the jury. At most, this evidence merely establishes that defendant was guilty of ordinary negligence as he approached and entered the intersection of Linn Street and 13th Avenue. There is no evidence from which the jury could conclude that defendant was reckless as that term is defined in *Williamson v. McKenna,* supra.

In our original opinion we held that "[t]he evidence recited would have been sufficient to permit the jury to find that the defendant must have seen both the stop sign and the other car and decided that he would take the chance of beating the car through the intersection." We are now of the opinion that the drawing of such an inference of fault is not permissible. In support of this conclusion we adopt the reasoning of Chief Justice McAllister's dissenting opinion in the original case.

Our former opinion is withdrawn and we hold that the judgment of the lower court is reversed and the cause is remanded with directions to dismiss the complaint.

WARNER and SLOAN, JJ., dissent.