Argued September 6, affirmed October 17, 1963

# GRAY *v.* GALANTHA

385 P. 2d 746

*Nathan J. Heath,* Portland, argued the cause for appellant. With him on the brief were Gray, Fredrickson & Heath, Portland.

*Edwin J. Peterson,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

GOODWIN, J.

Plaintiff, a guest passenger in an automobile, appeals from a judgment n.o.v. in favor of the defendant driver.

The sole assignment of error presents the question whether there was sufficient evidence of gross negligence, as that term has been defined in connection with ORS 30.110 (now ORS 30.115), to carry the case to the jury.

Plaintiff and defendant were fellow students, visiting together while home from college during the Christmas holidays. While driving with a third such companion, they were involved in an intersection collision with an automobile driven by one Louis Gay, who is no longer in the case.

Viewing the evidence in the light most favorable to the plaintiff, the jury could have found these to be the facts: The collision occurred after the vehicle in which the plaintiff was riding stopped, or at least slowed nearly to a stop, in response to a stop sign and then proceeded slowly into the intersection. The plaintiff noticed the other auto approaching from her right, and called out some kind of warning to the defendant. The defendant, who had not previously seen the approaching vehicle, accelerated her automobile rapidly, perhaps in an attempt to "beat" the oncoming automobile through the intersection. If such an attempt was made, it was not successful.

There is no evidence that any act of negligent driving preceded the meeting at the intersection. The evi-

dence of negligence at the intersection tended to prove that the defendant maintained a defective lookout. There was also evidence that the defendant followed an erroneous course of action upon the discovery of peril, if she ever discovered it. The peril was in turn the product of the defendant's negligence in failing to maintain a proper lookout or in failing to yield the right of way to the other vehicle.

Under the test of gross negligence laid down in *Williamson v. McKenna,* 223 Or 366, 354 P2d 56 (1960), and in *Secanti v. Jones et al,* 223 Or 598, 349 P2d 274, 355 P2d 601 (1960), it was necessary for the plaintiff to prove that the defendant was guilty of reckless conduct. The record will not support an inference that the defendant was guilty of reckless conduct. The conduct proven did not exhibit a reckless disregard for the safety of others. The evidence shows, rather, that the defendant was guilty only of momentary inadvertence. Such negligence frequently results in collisions at intersections, but the fact that harm might result from momentary inadvertence does not mean that such negligence reaches the degree of recklessness which this court has held necessary to satisfy the provisions of ORS 30.110.

Affirmed.