506 P.2d 110

**Thaddeus PRIDGEN, Plaintiff-Appellant,**

v.

**John E. LEWALLEN and Barbara I. Lewallen, Defendants-Respondents.**

**No. 10908.**

Supreme Court of Idaho.

Feb. 9, 1973.

Donart & Higgins, Weiser, for plaintiff-appellant.

Ryan & Sweet, Weiser, for defendants-respondents.

DONALDSON, Chief Justice.

This case arose out of a car-pedestrian accident which occurred near the intersection of East Seventh Street and East Main Street in Weiser, Idaho. At about 6:00 p. m. on December 4, 1969, plaintiff-appellant Thaddeus Pridgen was struck by a motor vehicle owned by defendants-respondents John E. Lewallen and Barbara I. Lewallen. At the time of the accident, the car was being driven by Barbara Lewallen (referred to as the defendant for purposes herein).

At a jury trial, the plaintiff testified that he crossed East Main Street in the crosswalk at the intersection and was struck by the defendant's vehicle as he was about to get into his parked car. The plaintiff admitted that he left the crosswalk before reaching the sidewalk toward which he was headed; but he claimed that he did remain in the crosswalk at least until he was even with his parked car, when he turned left and walked "directly up the traffic lane" to his car. Art Redman, a defense witness, testified that the plaintiff crossed the street at an angle, heading away from the crosswalk. Various witnesses testified that the plaintiff was dressed in dark clothes at the time of the accident. The defendant driver testified that she did not see him until it was too late to avoid hitting him. The plaintiff testified that he was wearing dark blue pants, a "powder blue" jacket, and a brown hat. A jury rendered a verdict in favor of the defendants, and the plaintiff appeals from the resulting judgment.

The plaintiff-appellant's sole contention on appeal is that the trial court erred in refusing to instruct the jury that when necessary, a driver must give warning to a pedestrian by sounding the horn. Plain-

tiff's requested instruction no. 1 reads as follows:

"You are instructed that it is the statutory law of Idaho that every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway *and shall give warning by sounding the horn when necessary.*" Emphasis added.

The respondents agree that the emphasized portion of this requested instruction was not covered by any of the instructions given by the court.

The appellant relies upon I.C. § 49–735 and Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112 (1959). I.C. § 49–735 in pertinent part provides:

"[E]very driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary."

In *Lallatin, supra,* the Court stated that:

"[I.C. § 49–735] has particular application to the rights and duties of pedestrians and drivers in areas where crosswalks are provided and where the presence of pedestrians might be anticipated by drivers of motor vehicles." 81 Idaho at 248, 340 P.2d at 119.

The appellant therefore argues that I.C. § 49–735 was applicable in this case because the accident occurred near a crosswalk and in an area (i. e., across from a grocery store) where the presence of pedestrians might be anticipated. And, the appellant submits, the court's instructions failed to cover all the law contained in § 49–735; that is, the court failed to instruct the jury that a driver must give warning by sounding a horn when necessary.

The respondents contend that there is no evidence in the record to show that the defendant driver had a reasonable opportunity to sound her horn. The respondents

argue that because the appellant was wearing dark clothing, the defendant driver could not see him until a fraction of a second prior to impact, and thus she did not have a chance to sound her horn. Therefore, the respondents submit, the requested instruction was not applicable in this case and was properly omitted.

■ It is our opinion that the requested instruction was not applicable to the facts of this case. The defendant driver testified that she did not see the plaintiff (who appeared to her as a "dark object") until he was "right at" her car; to have sounded her horn at that point would have been an exercise in futility. There is no evidence in the record to show that the defendant saw or in the exercise of reasonable care should have seen the plaintiff in time to effectually sound a warning. In such a case, negligence cannot be predicated upon the defendant's failure to sound the horn. Hopper v. Reed, 320 F.2d 433, 435 (6th Cir. 1963); Jordon v. Clough, 313 S.W.2d 581, 584 (Ky.1958); Owens v. Holmes, 199 Or. 332, 261 P.2d 383, 386 (1953); Hunter v. Michaelis, 114 Utah 242, 198 P.2d 245, 252, 255 (1948); Ferguson v. City of Seattle, 27 Wash.2d 55, 176 P.2d 445, 450 (1947); Haydon v. Bay City Fuel Co., 167 Wash. 212, 9 P.2d 98, 100 (1932); Annot., 24 A.L.R.3d 183, 247 (1969). As the Supreme Court of Washington stated in Ferguson v. City of Seattle, *supra*:

"There is no evidence to the effect that the driver of the bus saw the plaintiff before the actual impact, and no really satisfactory evidence that he saw her even then. How, then, could it be found that 'there was time and opportunity' for the driver to sound his horn as a warning to the plaintiff? Yet, as the court properly instructed the jury, it was necessary to find that he had such time and opportunity in order to find him negligent for failing to ring his gong or give other warning. It may, of course,

be said that he should have seen the plaintiff had he kept a reasonably careful lookout, but that is a wholly separate and distinct issue covered by other instructions." 176 P.2d at 450. *See also* Hopper v. Reed, *supra* 320 F.2d at 435–436.

In the case at bar, as in Ferguson v. City of Seattle and Hopper v. Reed, *supra,* the jury was instructed as to a motorist's duty to keep a careful lookout. The instruction (no. 11) given by the district court reads as follows:

"You are instructed that in order to keep a proper lookout, a motorist or pedestrian must do more than merely look; it is his duty to see and be cognizant of what is in plain view or obviously apparent, and is chargeable with seeing what he should have seen, but not with what he could *not* have seen in the exercise of ordinary care."

Since the jury returned a verdict in favor of the defendants, it must have found that the defendant driver did fulfill her duty to maintain a reasonably careful lookout. There is substantial competent evidence to support this finding; for example, several eyewitnesses testified that the plaintiff was dressed in dark clothing, which would have made it difficult for a motorist to have seen him at night, and one witness testified that the plaintiff angled across the street, thus placing himself in an area of the road where—as compared to the crosswalk—the presence of pedestrians would be less likely to be anticipated by drivers. Under these circumstances, the statutory duty to sound her horn was not applicable, and the instruction requested by the plaintiff-appellant was properly omitted by the trial court.

Judgment affirmed. Costs to respondent.

SHEPARD, McQUADE, McFADDEN and BAKES, JJ., concur.