Argued June 2, affirmed June 17, 1964

# CHARD *v.* RIOS ᴇᴛ ᴀʟ

393 P. 2d 156

*Roger B. Todd,* North Bend, argued the cause for appellant. On the brief were Flaxel, Todd & Flaxel, North Bend.

*John Foss,* Coos Bay, argued the cause for respondents. With him on the brief were McKeown, Newhouse & Johansen, Coos Bay.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, George K. Chard, from a judgment which the circuit court entered in favor of the three defendants after it had sustained a motion made by them for an order of involuntary nonsuit. The action was based upon our automobile guest statute. ORS 30.115. The plaintiff swore that he was a guest in the car which brought about his injuries and which was driven at that time by the defendant, Gloria Snell. The car was owned by the mother and stepfather of Miss Snell and was a family use vehicle.

The accident occurred November 15, 1962, at about 5 to 6 p.m. A drizzling rain was falling and the visibility was poor. Cars were burning their lights at that time, including the two that were involved in the accident—the Snell car and the Anthony car with which it collided. The place of the accident was about eight miles south of Coos Bay at the intersection of

Oregon State Highway No. 42 and a county road known as Delmar Road. The state highway, which has four lanes and is hard-surfaced, lies north and south; Delmar Road is a two lane gravel road lying east and west. The car driven by the defendant, Miss Snell, and in which the plaintiff was riding as a non-paying guest was proceeding in an easterly direction on Delmar Road approaching the intersection of that road with the state highway when the accident occurred. At the moment when the Snell car entered the intersection the Anthony car, proceeding south in the most westerly lane of the state highway, was approaching the intersection. The speed and other features of the operation of that car have not been criticized.

Before entering the intersection, Miss Snell did not stop her car, although to her right there stood a stop sign. As Miss Snell approached the intersection, her view along the highway to her left was obscured by an embankment and brush.

A private road enters Delmar Road from the north about 30 or 40 feet from the place where Delmar Road enters the highway. Apparently, Miss Snell had entered Delmar Road from this private road. One of the witnesses testified that he saw her car standing still at that place. Thus, about 30 or 40 feet from her entry into the highway Miss Snell had stopped her car. When she entered the highway her speed was about five to ten miles an hour. She "hesitated," so a witness swore, before she drove into the highway. Evidence indicates that after the accident Miss Snell told a friend, "I should have listened to Kenny—he told me to stop." By the name "Kenny" she referred to the plaintiff.

Miss Snell had been in this intersection several

times in the past, but had never driven a car in it. She believed that she had seen the stop sign upon a prior occasion, but thought that it was too far to the right to attract adequately a driver's attention. ORS 483.128 renders it the duty of drivers to obey traffic signs.

■■ *Williamson v. McKenna,* 223 Or 366, 354 P2d 56, found that gross negligence and recklessness are composed of the same ingredients and have the same meaning. That decision gave to the term "gross negligence," as it occurs in ORS 30.115, the meaning found in § 500, Restatement of the Law of Torts. After it had done so, the Williamson decision sought to clarify the definition thus adopted by stating in part:

> "* * * Ordinarily, one who, through momentary thoughtlessness, relaxes his vigilance for the safety of others is not grossly negligent. *Brock v. Waldron,* supra; Prosser on Torts (2d ed) pp 151, 152. Or, as it is sometimes said, gross negligence consists of something more than inadvertence. *Keefer v. Givens,* supra.

> "In *Baird v. Boyer,* 187 Or 131, 210 P2d 118 (1949) it was said that conduct 'attributable merely to thoughtlessness, inadvertence, or an error in judgment' does not amount to a reckless disregard of the rights of others. * * *"

■■ We do not believe that the evidence discloses reckless disregard by Miss Snell of the plaintiff's safety. Upon this occasion she may not have seen the stop sign. The Anthony car was hidden from her eyes by the embankment and brush which we have mentioned until she had virtually entered the intersection. Her low speed and the fact that her car had come to a complete stop 30 to 40 feet from the intersection are adverse to the contention that she was reckless of the

plaintiff's safety. Even the vigilant and cautious at times have slip-ups. The error of failing, through a moment of thoughtlessness, to see a stop sign or bring one's car to a complete stop does not disclose a reckless disregard of a passenger's safety. If the plaintiff cried out a warning, the evidence does not disclose the place where it was given. The defendant may have been guilty of inadvertence and ordinary negligence, but a violation of ORS 30.115 is not disclosed. We think that those conclusions are in accord with *Gray v. Galantha,* 235 Or 521, 385 P2d 746.

The judgment of the circuit court is affirmed.

SLOAN, J., dissents.