Argued February 4, affirmed May 27, petition for rehearing
denied September 9, 1959

GONZALEZ *v.* CURTIS et ux

339 P. 2d 713

D. E. *Kaufman* and *W. A. McMinimee,* Tillamook, argued the cause for appellant. On the briefs were McMinimee & Kaufman.

*George P. Winslow,* Tillamook, argued the cause for respondents. On the brief were Winslow & Winslow.

Before McALLISTER, Chief Justice, and PERRY, SLOAN and O'CONNELL, Justices.

PERRY, J.

The plaintiff, Herman Gonzalez, while riding as a guest in the automobile of the defendants, on July 23, 1954, at about 5:50 o'clock a. m., suffered personal injuries when the automobile, being driven by the defendant Ivan Allen Curtis in an easterly direction on Highway 6 about 34 miles east of Tillamook, Oregon, collided with the rear of a lumber truck traveling in the same direction.

Defendants moved for a directed verdict which was overruled, and the jury returned a verdict for the plaintiff. Later the trial court granted a motion of

the defendants for judgment notwithstanding this verdict, and from this ruling the plaintiff appeals.

■ In passing upon the problem thus presented, the evidence must be construed most favorable to the plaintiff. *Burrows v. Nash,* 199 Or 114, 259 P2d 106; *Baird v. Boyer,* 187 Or 131, 210 P2d 118.

Therefore, we are required to determine whether or not there is substantial evidence from which a reasonable inference can be drawn that the defendant Ivan Allen Curtis, driver of the automobile, was guilty of gross negligence toward the plaintiff. ORS 30.110.[1]

■ The determination of such an issue is always difficult for gross negligence is not defined in the statute, nor can this court formulate a single comprehensive definition that will cover all situations. Each case must be determined on its own facts. *Keefer v. Givens,* 191 Or 611, 232 P2d 808; *Turner, Adm'r v. McCready et al.,* 190 Or 28, 222 P2d 1010; *Baird v. Boyer,* supra.

■ However, certain guides have been established which point unerringly to the conclusion that to establish gross negligence (synonymous with great negligence) of the host-driver of an automobile the facts must disclose that the party charged has behaved in such a manner, under the existing circumstances, that it can be said by reasonable persons that only those persons who do not seem to care what happens to others or the foolhardy would have so acted. *Gantenbein v. Huckleberry,* 211 Or 605, 315 P2d 792.

■ The plaintiff argues that the defendant-driver was guilty of several acts of ordinary negligence and,

---

[1] ORS 30.110. Motor Vehicle guest passengers. No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others.

therefore, this combination of acts presents a jury question; citing *Burrows v. Nash,* supra. It should be pointed out, in this connection, that, although it may be shown that the occurrence was preceded by several acts of ordinary negligence, it is only when all of these acts combined with the existing circumstances show a foolhardy attitude on the part of the driver that gross negligence has been established. *Glascock v. Anderson,* 198 Or 499, 257 P2d 617; *Keefer v. Givens,* supra; *Turner v. McCready,* supra.

With these established rules in mind, we shall consider the facts of this case.

■ Defendants, owners of a 1947 Chevrolet sedan, had picked up plaintiff and driven to Fairview, a small community near Tillamook, Oregon. They had expected at this point to pick up another passenger, but this passenger did not appear, and they left Fairview to travel to an employment office in Washington County for the purpose of seeking employment as strawberry pickers. They had done this on prior occasions, usually leaving about 5 a. m. and returning about 6 p. m. The road they traveled is referred to as the Wilson River highway, a main traveled highway running generally upgrade and in an easterly direction from Tillamook to the summit of the coast range. This road is hard-surfaced, and at the point where the accident occurred is surfaced 23 feet wide with 15 foot shoulders.

On the morning of the accident, the weather was clear and the surface of the road dry. As the parties in the Chevrolet automobile proceeded eastward at a top speed of 55 miles per hour they overtook and passed two slower moving trucks. Because of the angle of the sun and the cut of the terrain shading the high-

way, at intervals along the highway they passed from bright sunlight into shadow. At the time the Chevrolet automobile was reaching the "summit" where the accident occurred, in a shaded area, and unobserved by the defendant-driver, there was a large, heavily loaded lumber truck proceeding in the same direction at a speed of about 12 miles per hour. As the automobile approached the summit of the grade where the accident occurred, and at a point estimated at from 150 to 200 feet in distance from the point of the collision of defendants' automobile and the lumber truck, the direct rays of the sun coming through the windshield struck the defendant-driver in the eyes. The only evidence of what action was taken by the defendant-driver after the sun struck his eyes is given by him as follows:

"A　*　*　* In other words, when the sun hit me I took my foot off the accelerator and applied it to the brake—rested it on the brake pedal in case of an emergency, and that was slowing me down.

"Q　Then how far did you travel before you put your foot completely down on the brake?

"A　It couldn't have been very far; maybe a hundred feet, two hundred feet—coasting.

"Q　Could you see anything ahead of you?

"A　It was limited. ·
"*　*　*　*　*

"Q　Well, could you see at all ahead of you?

"A　I could see a limited distance, probably 50 feet, maybe 75 feet.　*　*　*"

The physical evidence at the scene of the accident discloses the automobile brakes were applied 23 feet before the impact, and the automobile, which was at all times traveling in its own right-hand lane of the highway, had veered slightly to the left. The front of the automobile was completely wrecked and a large

bracing iron on the lumber truck was bent approximately one-half inch. A truck hitched to the automobile was required to separate the two vehicles.

The defendant-driver was traveling over a route with which he was familiar and at a speed, as testified to by the police officer, automobiles usually proceeded along this stretch of the highway.

All this evidence, in our opinion, clearly fails to show a foolhardy act, or "I don't care what happens" attitude, and, on the contrary, shows the defendant-driver, upon encountering visibility difficulties from the sun, recognizing some danger, immediately lowered his sun visor, removed his foot from the accelerator to decrease his speed, and placed his foot on the brake, "in case of an emergency." Almost immediately following the taking of these precautions the accident occurred.

It may well be that the defendant failed to maintain an adequate lookout or to reduce his speed to the point that a reasonably prudent person would have done under the circumstances, but his actions were not those of the foolhardy who, though consciously aware of great danger, choose to disregard the danger and recklessly plunge ahead, hoping by chance to avoid an accident.

We fail to find any substantial evidence which shows a foolhardy attitude on the part of the defendant-driver that would support a finding of gross negligence.

The judgment of the trial court is affirmed.