Argued April 21, affirmed July 20, petition for rehearing denied
September 6, 1960

McNABB *v.* DeLAUNAY ET AL

354 P. 2d 290

*Clifford B. Olsen,* Portland, argued the cause for appellant. With him on the brief were Anderson, Franklin & Jones, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent DeLaunay. With him on the brief were Clarence R. Wicks and Hart, Rockwood, Davies, Biggs and Strayer, Portland.

*Roland F. Banks,* Portland, argued the cause for respondent Perkins. With him on the brief were Gordon Moore and Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment upon a directed verdict in favor of both defendants in an action for damages for personal injuries. Plaintiff was the guest passenger of the defendant DeLaunay when the

auto which he was operating collided with a dump truck operated by the defendant Perkins.

In order to prevail it was necessary for plaintiff to prove that DeLaunay was guilty of gross negligence and that Perkins was guilty of ordinary negligence. The trial judge found that there was insufficient evidence to go to the jury against either defendant.

The assignments of error make it necessary to review the transcript in the light most favorable to the plaintiff in order to determine whether any evidence was presented in support of the two separate grounds for recovery.

The plaintiff and DeLaunay were proceeding west on Highway 26 from Portland to the Coast. At a point about one mile east of Necanicum Junction, Perkins was attempting to turn his truck around after dumping a load of hot asphalt for a State Highway Commission patching crew. At the time of the accident, Perkins' truck completely blocked the westbound lane of the highway, and, according to a diagram drawn by a state police officer, his truck extended to, and possibly slightly across the center line of the pavement, at right angles to the line of traffic.

DeLaunay was driving at about 55 miles per hour. He testified that he saw a caution sign about a quarter of a mile east of the point of impact. He denied seeing any other signs. He testified that he saw the Perkins truck as he rounded a curve to his right, and that he stepped on his brake but did not step on the brake especially hard because he saw no flagman. He said his brakes were in good working order, and that he continued to apply them from the moment he first saw the truck until the impact. After

advancing about the distance of a city block, De-Launay said he then saw a flagman and put on the brakes hard, but by then he was within 40 feet of the truck. The police officer measured 30 feet of skid marks. DeLaunay testified that when he first saw the truck the eastbound lane was clear, and that he planned to go around the front of the truck. However, he said, by the time he saw the flagman and decided that he would have to stop it was too late to swing around the truck in the eastbound lane because he could not then see that it was clear and he was afraid to risk hitting a workman. At another point in his testimony, DeLaunay said he thought the truck would pull out of his way by the time he got to it. He testified further that the flagman did not appear in his line of vision until he was too close to the truck to do anything but slow down as much as he could.

Highway department employees testified that there was a portable "One Way" sign on the shoulder of the road at the beginning of the curve, and a "Caution" sign about a quarter to a half mile east of the curve.

The plaintiff predicates her claim that DeLaunay was grossly negligent on the following facts:

He continued at 55 miles an hour after seeing a caution sign;

He failed to see the "One Way" sign described by other witnesses;

He failed to see the flagman; and

He failed to keep his automobile under control.

The plaintiff contends that the combination of failure to maintain a lookout, failure to decrease

speed after a warning, and failure to maintain control adds up to a combination of acts of negligence which presents a jury question on gross negligence.

■ When measured against the standard of *Williamson v. McKenna,* 223 Or 366, 354 P2d 56, the driver's lack of care fails to demonstrate a foolhardy or "I don't care what happens" attitude. Before a series or combination of negligent acts may constitute gross negligence, they must add up to a reckless state of mind.

■ From all the evidence most favorable to the plaintiff, the cause of the collision was the failure of the host driver to see the flagman. For the purpose of reviewing the directed verdict we assume that the flagman was properly stationed, an assumption, however, which is not free from serious question. But assuming that the flagman was properly performing his duty, the host driver's conduct amounts ·to defective lookout coupled with poor judgment. Poor judgment, viewed from hindsight, is not enough to constitute gross negligence. *Morris v. Williams,* 223 Or 50, 353 P2d 865.

■ There was no proof that DeLaunay had his mind on anything but. his driving. He said he saw the caution sign, and started to slow down when he saw the truck, but did not think it was necessary to stop until he saw the flagman. The cause of the accident was his failure to see ·the flagman and to exercise prudent judgment in time to stop. His failure to stop or control his vehicle arose out of his failure to keep a steadfast lookout. This default was momentary inadvertence.

The trial judge correctly allowed the ·motion for the directed verdict in favor of the host driver.

The second assignment of error presents the question whether a driver of a truck engaged in making repairs to the highway may be guilty of common-law negligence even though he is freed by statute from the duty which ordinary motorists have to abide by the rules of the road.

■ ORS 483.032 (2) provides that certain enumerated sections of the motor vehicle code, including those generally referred to as the rules of the road, do not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work above, below, or upon a street or highway, but that they shall apply to such persons and vehicles when traveling to or from such work.

Plaintiff contends that the above-mentioned statute does not apply to Perkins because he was, at the time of the accident, traveling from such work, and was not actually engaged therein.

The uncontradicted evidence showed that Perkins had dumped a load of hot asphalt about 100 feet away from the point where he was making the turning maneuver. He testified that he moved down the road 100 feet to allow the roller and grader space in which to work. Turning his truck around was a necessary part of his work. The maneuver was carried out within the work area between two flagmen. Perkins was well within the contemplated protection of the statute.

The next inquiry is whether he was guilty of some act of negligence not excused by the statute. The plaintiff contends that even under the immunity afforded by the statute, a driver working on a highway repair job has a duty of ordinary care, and must maintain a lookout for other vehicles which might be affected by his maneuver.

■ It is unnecessary to decide how much of a lookout an operator of highway repair equipment must maintain within the protected work area, because the undisputed testimony in the record reveals that Perkins did maintain a lookout and did see the DeLaunay vehicle, and stopped his truck in place so as not to aggravate the condition further. Under the circumstances, Perkins was free from negligence, and the court properly directed a verdict in his favor.

Affirmed.

SLOAN, J., dissents.

WARNER, J., dissents from the conclusion of the majority relating to the absence of gross negligence on the part of defendant DeLaunay but concurs in the holding exonerating defendant Perkins from negligence.