Argued November 2, affirmed November 29, petition for rehearing
denied December 19, 1961

## RAFFAELE *v.* McLAUGHLIN

366 P. 2d 722

*John F. Conway,* Portland, argued the cause and submitted the brief for appellant.

*Earl A. Fewless,* Portland, argued the cause and submitted the brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Mary Raffaele, from a judgment which the circuit court entered in favor of the defendant in an action instituted by the plaintiff to recover damages for a personal injury which she says she sustained when the defendant's automobile struck the car in which the plaintiff was riding. The plaintiff's sister, Teresa Raffaele, was operating the automobile in which the plaintiff was riding. The challenged judgment was based upon a jury's verdict.

The plaintiff (appellant) submits only one assignment of error. It challenges an instruction which was given to the jury. The plaintiff makes no contention that the trial judge ruled erroneously upon the admission of evidence.

Before taking note of the questioned instruction we will briefly mention the facts out of which the case arose. The collision occurred November 1, 1959, at about 5:45 p.m. in Portland on Mt. Scott Boulevard near S.E. 92nd Avenue. The sun set at 4:59 p.m. on that day. Immediately prior to the collision Teresa Raffaele was engaged in backing her automobile in a southerly direction upon a short private driveway

adjacent to her home which terminated in Mt. Scott Boulevard. The plaintiff was seated beside her sister. Mt. Scott Boulevard runs east and west. It pursues a straight course for a considerable distance, and from the place where Teresa Raffaele was engaged in backing her car one can see easterly along Mt. Scott Boulevard for four-tenths of a mile. When the rear wheels of the Raffaele car had entered Mt. Scott Boulevard the plaintiff's sister turned the rear of her car to the east, that is, she made a right turn. Her purpose was to turn into Mt. Scott Boulevard and then proceed ahead, that is, to the west. The plaintiff concedes that her sister did not stop her car before she entered Mt. Scott Boulevard. Her brief states: "Plaintiff's driver then continued slowly to back out of the driveway without stopping." When the car had entered the thoroughfare it was struck in the rear by the defendant's car which was proceeding westerly. We quote again from the plaintiff's brief:

> "Plaintiff and her sister both testified they had completed their backing out and had then proceeded west approximately two car lengths moving forward when the car was struck in the rear by defendant's car."

According to the plaintiff and her sister, their lights were burning. Both the defendant and his son, who was riding with him, testified that it was "dark" and that the lights on the Raffaele car were not burning. The defendant, referring to the Raffaele car, testified:

> "* * * it looked to me like it had backed out on the highway and was straightening off to go west. It was still—it was pointed west and a little bit north, the front end of the car. Like it had backed out and hadn't got straightened around to go ahead yet."

The plaintiff and her sister testified that they looked to the east along the course of Mt. Scott Boulevard before their car entered that thoroughfare and saw no approaching vehicle. They had observed, however, a car proceeding in the opposite direction, that is, to the east.

The defendant swore that he met a car driving easterly a moment or two immediately before the collision and then noticed the Raffaele car entering Mt. Scott Boulevard directly in front of him. He testified that he was unable to avoid striking it. The pavement was dry and the sun had set.

The foregoing suffices as a statement of the facts.

The following is quoted from the plaintiff's (appellant's) brief:

"The court also instructed the jury that any negligence of plaintiff's driver was not imputable or chargeable to the plaintiff, and upon plaintiff's request, had previously withdrawn all charges of contributory negligence from the consideration of the jury."

We take the following from the instructions that were given to the jury:

"* * * any negligence on the part of Teresa Raffaele, the driver of the automobile in which plaintiff was riding as a passenger, is not chargeable to or imputable to the plaintiff. Where the negligence of two or more persons concur in producing a single indivisible injury, then such persons shall jointly and severally be liable although there was not any common duty, common design, or concerted action."

The instruction which the plaintiff assails as erroneous is as follows:

"As bearing in part on the duties and conduct of the two drivers and as between themselves, I

instruct you that it was the law of this state that the driver of a vehicle entering a public highway from a private driveway shall stop and yield the right-of-way to all vehicles approaching on such public highway. You may ask yourself the question, if you come to this question, when is a vehicle approaching on a public highway? To assist you in this connection I instruct you a vehicle is approaching whenever a reasonably prudent person driving another car would or in the exercise of reasonable care should reasonably apprehend the probability of an accident if he or she continued his or her course. The question must be determined by a consideration of all the relevant factors, the distance of the approaching vehicle from the driveway, the width of the highway, * * * in short any and all conditions then and there existing.

"Right-of-way is defined as the privilege of the immediate use of the highway and it is not absolute and does not relieve any driver of the duty of using reasonable care or obeying the requirement of any law of the State of Oregon * * *."

Upon the points in issue here, the court further instructed the jury:

"I instruct you that if any injury to the Plaintiff is the proximate result of the sole and entire negligence of the Defendant McLaughlin or of the joint negligence of the Defendant and the driver of the vehicle in which Plaintiff was riding in this accident who is not a Defendant and that the negligence of both drivers combined and concurred, then and in either event the Defendant is liable. In the event you find that both drivers were negligent which proximately caused injury to Plaintiff then irrespective of whether one of said drivers was more or less negligent than the other, the Defendant is liable. You are not to compare the degree of negligence of each driver.

"* * * * *

"I also instruct you that each driver involved

in this collision was entitled to have assumed that the driver of the other vehicle would comply with all requirements of the law applicable to the operation of motor vehicles until such time as he or she knew to the contrary or in the exercise of reasonable care should have known to the contrary. * * *"

■ From the foregoing instructions, together with the evidence revealed by the record of this case, it is evident that no error was committed. Plaintiff's contention that under the facts as the jury had a right to find them the act of plaintiff's driver in backing out onto a highway without first stopping could not be a proximate cause of this accident is patently without merit. The jury was clearly informed that the negligence, if any, of plaintiff's driver could not be imputed to her; but, if the plaintiff's driver was guilty of negligence in failing to stop before entering the public highway from a private driveway, the hazardous conditions created by her conduct certainly bore a distinct relationship to the operation of his car by the defendant. If the jury found that the plaintiff's driver was negligent and that this negligence was the sole proximate cause of the accident, then the defendant would be relieved of all liability. The issue of proximate cause was properly put before the jury. *Brindle v. McCormick Lbr. & Mfg. Corp.*, 206 Or 333, 339, 293 P2d 221, states:

"* * * under a general denial the negligence of a third party, for which the defendant is not responsible, may be shown to have been the proximate cause of the accident. Whisnant v. Holland, 206 Or 392, 292 P2d 1087."

It was therefore proper for the court to instruct the jury on the duties resting upon both drivers, leaving it to the jury to determine whose negligence

caused the accident. It is manifest that the jury found that the conduct of the plaintiff's driver was the sole proximate cause of the accident.

■ Plaintiff further contends that the challenged instruction is inconsistent and contradictory. This contention also is without merit. The instructions can not be considered piecemeal, but must be considered as a whole. *Whisnant v. Holland,* 206 Or 392, 292 P2d 1087; *Denton v. Arnstein,* 197 Or 28, 250 P2d 407.

■ The instructions under attack which relate to plaintiff's driver's duties are not inconsistent with or contradictory to an instruction declaring that the plaintiff's driver's negligence, if any, is not imputable to the plaintiff when the court instructed the jury, as was done in this case, that only in the event the jury found that negligence on the part of plaintiff's driver was the sole proximate cause of the accident would the defendant be relieved of liability. Under these instructions the jury was not invited to impute the negligence of the plaintiff's driver to the plaintiff. Therefore, no inconsistency or contradiction existed.

Affirmed.