Argued October 29, 1968, affirmed January 22, 1969

SHOOPMAN, *Respondent, v.* LONG, *Appellant.*

449 P. 2d 439

*Lorin M. Ricker,* Enterprise, argued the cause and filed briefs for appellant.

*Robert V. Chrisman,* Enterprise, argued the cause and filed a brief for respondent.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Mengler, Justices.

SLOAN, J.

Defendant Long appeals from an adverse verdict in an action for the alleged wrongful death of plaintiff's decedent. The death occurred in an automobile accident near Enterprise, Oregon. One of the issues in the case was the speed at which defendant was driving his car at the time of the accident. There was testimony of one witness who had observed defendant's car immediately before the accident that the car was going at a very high rate of speed. In addition, there was evidence of the time interval that had elapsed between the time that defendant had left his place of employment at Wallowa, Oregon, and the time of the accident. The time factor indicated high speed for the distance traveled.

One witness, a man named Yokom, was permitted to testify as to the speed of defendant's car at a point about 12 miles from the point of the accident. The admission of the testimony of the witness Yokom is assigned as error. It is claimed that the observation of the witness was too remote to have been admitted.

■■ This court has followed the rule that admissibility of evidence of speed at some point other than at the scene of an accident is within the trial court's discretion. *Hanson v. Schrick,* 1939, 160 Or 397, 85 P2d 355; *May v. Mack et al,* 1960, 225 Or 278, 356 P2d

1060. The discretion mentioned in the cases should be more accurately described as the process of judging the offered evidence in its relationship to all of the evidence relative to speed. If it fits into a pattern with the other evidence and shows continued speed it should be admitted. If the evidence stands alone, as in *May v. Mack, supra,* it should be rejected. In the latter case, the witness had testified to the speed 11 miles distant and that was all of the evidence connecting the accident with the speed that had been observed by the remote witness. In *May v. Mack, supra,* we held that "The testimony offered [of the remote speed] was not competent without an offer of further evidence connecting it with the accident and was properly excluded." 225 Or at 284, 356 P2d at 1062.

■ The instant case presents the antithetical situation: The total testimony of Yokom, and other evidence, was probative of continued speed. Yokom not only testified as to the speed at which defendant's car had passed his own vehicle, he also testified to the distance it took defendant's car to disappear from view. He further testified as to the time involved between that event and his arrival at the scene of the accident. Yokom testified that he had continued to drive at a speed of about 50 miles per hour. There was evidence that an ambulance had been called and had arrived at the scene about the same time that Yokom did. This evidence by Yokom and the other witnesses of the time interval involved between the accident and Yokom's arrival permitted the jury to conclude that the speed observed by Yokom had continued, or even increased, before the accident happened. It was not error to admit Yokom's testimony.

■ Another assignment will be mentioned. Defendant attempted to admit into evidence the appraisal of

the assets of the estate of plaintiff's decedent, William Shoopman. This appraisal, made by an appraiser appointed by the probate court, had listed the value of this claim for wrongful death against defendant at a sum less than that claimed in the complaint. Defendant sought to introduce this appraisal as an admission against interest made by plaintiff as the administratrix of the estate. The court refused to admit it.

To permit the unknown basis of the conclusion of an appraiser to be admitted into a case of this character would then mean that the expertise of the appraiser and the evidence available to him would have to be tested during the trial and would inject into the case a wholly extraneous conflict. The trial court properly denied the admission of the estate appraisal.

The other assignments do not merit discussion and the judgment is affirmed.