Argued December 4, 1973, affirmed March 7, 1974

COX, *Respondent, v.* JACKS, *Appellant.*

519 P2d 1041

*Patrick Ford,* Medford, argued the cause for appellant. With him on the brief were Ford & Cowling, Medford.

*Robert H. Grant,* Medford, argued the cause for respondent. With him on the brief were Grant & Ferguson, Medford.

DENECKE, J.

Plaintiff obtained an award of damages for personal injuries suffered in an automobile accident. The defendant appeals.

The defendant was driving down the highway when he decided to turn around. He attempted to back into a private road and turn around. He was not able to complete the turn on his first go-around; so he drove out to the private road, stopped and then drove onto the highway intending to again back up. When the front end of defendant's vehicle was either at the center line or past the center line of the highway, the plaintiff in his pickup came up from the right. The jury could have found the vehicles then collided, either at the center line or on plaintiff's side of the highway.

O'Connell, C. J., did not participate in this decision.

The plaintiff charged the defendant with failure to keep a proper lookout, failure to keep his vehicle under control, and failure to yield the right of way. ORS 483.206 (2) provides:

"The driver of a vehicle entering a public highway from a private road or drive shall stop and yield the right of way to all vehicles approaching on such public highway."

The trial court read this statute to the jury. It further instructed that a violation of this statute would consitute negligence in and of itself. The defendant excepted to this latter instruction upon the ground that the court failed to tell the jury that if the jury should find that the defendant acted reasonably, although in violation of the statute, he would not be negligent. Defendant cited *Barnum v. Williams*, 264 Or 71, 504 P2d 122 (1972), in support of his exception.

The essence of our decision in *Barnum v. Williams*, supra (264 Or at 79), was:

"* * * [I]f a party is in violation of a motor vehicle statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances. * * *."

The plaintiff contends there was no evidence that the defendant acted reasonably. The defendant contends the jury could have found the defendant only intended to drive up to the center line and, therefore, he acted reasonably although he did not see plaintiff coming from defendant's right; traffic coming from the right is required to be in the lane across the center line.

■ It is not necessary for us to decide this con-

troversy because the trial court did in effect instruct the jury that if defendant acted reasonably he was not negligent.

Immediately prior to instructing the jury that violation of the right-of-way statute would be negligence in and of itself, the trial court instructed:

"The statute, as I have mentioned, provides that the driver of a vehicle entering a public highway from a private driveway shall stop and yield the right-of-way to all vehicles approaching on such public highway.

"I instruct you that a vehicle is approaching on a public highway whenever a reasonably prudent person in the position of the operator coming from the private drive would, or in the exercise of reasonable care should, reasonably have apprehended the probability of an accident if he or she continues on his or her course. * * * ."[1]

■ This particular statute has "reasonableness built into it." As the trial court instructed, the statute is not violated if the defendant reasonably could not apprehend the probability of an accident with plaintiff if defendant came onto the highway from the private road. The trial court did not err in instructing the jury.

■ The defendant also contends the trial court erred in refusing to admit into evidence the entire file of a workmen's compensation claim plaintiff made in California. Plaintiff made a compensation claim for a low back injury incurred in February 1969. The automobile accident involved in this action was in October 1970 and an upper back and neck injury is

---

[1] This instruction was given at the request of plaintiff and was taken from Raffaele v. McLaughlin, 229 Or 301, 305, 366 P2d 722 (1961).

claimed because of it. Defendant states in his brief: "This exhibit [the entire compensation file] would have established a pre-existing low back injury which the plaintiff had contended was almost totally disabling." The defendant was able to establish this since he was permitted to put in the most important parts of the compensation claim file, including plaintiff's signed claim, plaintiff's testimony before the referee, and the settlement of plaintiff's claim for $6,700. These admitted exhibits fully revealed the claimed nature and extent of the injury. The portions of the file excluded only added insignificant detail to the basic evidence contained in the exhibits admitted. Any possible error in excluding the entire file was not prejudicial.

■ Defendant assigns as error the exclusion of testimony about plaintiff's driving conduct a mile before the incident with defendant. In the offer of proof made after the objection was sustained, the witness stated that while rounding a slight curve the plaintiff straddled the center line and was "going pretty fast." The witness testified that because of plaintiff's driving, she drove her car onto the shoulder in order to be safe.

*Shoopman v. Long,* 252 Or 341, 449 P2d 439 (1969), and *Carter v. Moberly,* 263 Or 193, 501 P2d 1276 (1972), are our latest two decisions on this issue of whether evidence of a party's driving at some time and distance before the accident is admissible. We affirmed both decisions although the trial court in *Shoopman* admitted the evidence and the trial court in *Carter* rejected the evidence. Both decisions, however, hold that before such evidence can be admitted there must be other evidence from which the jury could find that the party's conduct some time and distance before the

accident continued up to at least shortly before the accident. In *Shoopman v. Long,* supra (252 Or 341), we upheld the admission of evidence of speed 12 miles before the accident because "it fits into a pattern with the other evidence and shows continued speed." 252 Or at 343.

In the instant case there is no evidence of a pattern or a continuation of the conduct observed by the witness a mile from the accident. Under these circumstances the trial court was correct in denying admission of the evidence.

Affirmed.

HOLMAN, J., concurring.

The testimony was such that there was sufficient evidence from which the jury could find that defendant failed to yield the right of way in entering the highway from a private driveway as required by ORS 483.206 (2). Before defendant was entitled to the qualifying instruction there had to be testimony from which the jury could find that he was acting reasonably despite the statutory violation.

In my opinion there was no such testimony. The evidence discloses that the collision occurred either at the center line or on the far side of the road from the private driveway. Defendant states his position as follows:

"* * * Defendant's driver was merely intending to pull as far as the centerline and then back again into the driveway. Therefore, his main attention had to be directed to the lane in which he intended to block, i.e. the west bound lane. This necessarily directed his attention away from traffic approaching from the east, the direction in which the plaintiff was coming. Further, this move-

ment was made where traffic approaching from the driver's right had at least 1,000 feet in which to observe the movements of the crew cab.

"With this evidence in the record, the court should have permitted the jury to consider whether or not the driver of the crew cab was acting reasonably in spite of the statutory violation * * *."

Assuming the underlying facts stated as a basis for defendant's position to be true, they disclose no basis for a finding that a violation of the statute, if it occurred, was reasonable.

I would further hold that, in any event, defendant was in no position to raise the question on appeal. Defendant only objected to the instruction on right of way given by the court because it did not include the qualifying instruction and did not request the qualifying instruction to which he now says he was entitled. It is my belief that before defendant is entitled to raise on appeal the issue of failure to give the qualifying instruction, he must request such qualifying instruction in written form.

McAllister, J., joins in this concurring opinion.