Argued October 23, affirmed December 4, 1978

SMITH, *Appellant,*
*v.*
BARRY, *Respondent.*
(No. A7604-05542, CA 10748)
587 P2d 483

Robert R. Schneider, Portland, argued the cause for appellant. On the brief was James M. Pippin, Portland.

Denny Z. Zikes, Portland, argued the cause for respondent. With him on the brief were Dennis N.

Freed, and Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This appeal is from an order granting defendant's motion for summary judgment.[1] Plaintiff's cause of action involves the guest passenger statute[2] and she contends there was sufficient evidence of gross and reckless conduct, based upon a series of negligent acts, to create an issue of material fact as to whether the defendant was grossly negligent.

■ There are two prerequisites which must be met before the remedy of summary judgment is appropriate: (1) There must be no dispute as to material fact; and (2) based on the undisputed facts, the moving party must be entitled to judgment as a matter of law. The difficulty here arises because of the ephemeral nature of the concept of gross negligence. It is neither a wholly factual nor wholly legal construct. Only when reasonable men cannot differ as to the sufficiency of the evidence does gross negligence become a question of law. *Steinbock v. Schiewe,* 330 F2d 510, 512 (9th cir 1964); *Storm v. Thompson,* 155 Or 686, 695, 64 P2d 1309 (1937).

The issue here is whether the uncontested facts, as presented, were insufficient as a matter of law to establish gross negligence. If the facts do not support a finding of gross negligence as a matter of law, then summary judgment for defendant is an appropriate remedy.

---

[1] ORS 18.105.

[2] ORS 30.115 provides in relevant part:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

The leading case in this state on gross negligence is *Williamson v. McKenna,* 223 Or 366, 354 P2d 56 (1960). In 1961 the legislature amended the definition of gross negligence in the guest passenger statute to accord with that set forth in *Williamson.*[3] The *Williamson* decision further stands for the proposition that a combination of negligent acts may constitute gross negligence. Plaintiff asserts that the facts establish a series of negligent acts, and that the issue of whether they constitute the requisite mental state would be a matter for the jury to decide.

There is no dispute concerning the events as they occurred. Defendant, aged 81, was transporting three elderly friends, including plaintiff, to a luncheon meeting. The day was clear and the street was in optimum driving condition. She was traveling east on S. W. Montgomery Drive in Portland, which is at that point downhill with two sweeping curves, followed by a straight stretch at the end of which is a hairpin turn. Defendant had driven this particular stretch of road many times in the past. Her vehicle, a 1967 Ford, was in good mechanical condition. As defendant passed through the second curve her vehicle began to pick up speed and she crossed the center line. At the entrance of the hairpin turn she noticed a vehicle parked near the edge of the road. She failed to negotiate the curve, her automobile increased speed, left the road, ran up an embankment, struck a sign post, then hit the parked vehicle and ran into a hedge. It is inferable that defendant stepped on the accelerator rather than the brakes when her vehicle left the road. She estimated her speed at 25-30 miles per hour prior to her losing control.

We have reviewed the cases in which a combination of negligent acts was alleged to have established gross negligence and find that the essence of those decisions is that in order to support such a claim, the negligent

---

[3] ORS 30.115 amended ORS 30.110. The present statutory definition of gross negligence is set out in footnote 2.

acts taken together must show a reckless state of mind on the part of defendant.

In *Bottom v. McClain,* 260 Or 186, 489 P2d 940 (1971), the defendant was driving a Corvette on a highway at night. Plaintiff, a passenger, complained several times of defendant's driving. Because of his excessive speed defendant failed to negotiate a curve, which was marked with a sign designating a speed of 40 miles per hour. Defendant's skid marks were measured at 246 feet. From the end of the skid marks the vehicle traveled 143 feet, and then spun around to where the rear of the vehicle struck a highway divider and culvert. It finally came to rest 57 feet later when it collided with a power pole. Under these facts, especially noting the disregarded protests of the passengers, the court reversed a judgment *n.o.v.* for defendant and stated that the jury could have found defendant's driving as a whole to be grossly negligent.

In *State v. Betts,* 235 Or 127, 132, 384 P2d 198, 7 ALR3d 1445 (1963), the court addressed a similar issue under the negligent homicide statute.[4] Defendant's vehicle left the road when, at 90 miles per hour, he attempted to make a curve which was marked with a designated speed of 45 miles per hour. A passenger had earlier warned him of his erratic driving. There was also evidence that defendant was intoxicated. The court held that a jury could determine that defendant was criminally negligent.

*Burrows v. Nash,* 199 Or 114, 123-24, 259 P2d 106 (1953), involved a rear-end collision at a busy intersection. The accident happened on a stormy New Year's Eve. Defendant was driving at a highly excessive speed, failed to maintain proper lookout and made no attempt to control his car. The court found that a jury could infer gross negligence from those facts.

---

[4]Former ORS 163.091 defined negligent homicide as:

"(1) The driving of any motor vehicle or combination of motor vehicles in a grossly negligent manner * * *."

[ 323 ]

In an earlier decision, *Keefer v. Givens,* 191 Or 611, 614-20, 232 P2d 808 (1951), the court found the evidence sufficient for a jury to find gross negligence from the entire course of defendant's conduct. His car went out of control on a wet night after he and some friends left a tavern where they had consumed alcoholic beverages. The windows of his vehicle were steamed over and only one windshield wiper was operative. Defendant was weaving in and out of traffic at excessive speeds. At the time of the accident he was searching for a bottle opener in the glove compartment on the opposite side of the vehicle.

In *Turner, Adm'r v. McCready et al,* 190 Or 28, 54-56, 222 P2d 1010 (1950), the defendant was driving 50 miles per hour on the left side of a loose gravel surfaced road. There was a cloud of dust so thick that visibility was 40 feet or less. He collided head on with a lumber truck. The court concluded those facts combined could cause reasonable men to infer gross negligence.

On the other hand, the following cases found the series of negligent acts to be insufficient to establish gross negligence as a matter of law. *Gonzalez v. Curtis et ux,* 217 Or 561, 564-66, 339 P2d 713 (1959), affirmed a judgment *n.o.v.* in favor of defendant, who on a clear day collided with the rear of a log truck at the apex of a hill. He claimed the sun was in his eyes. The court found that although the accident was preceded by several acts of ordinary negligence they did not show a foolhardy attitude on the part of the driver.

Similarly, in *McNabb v. DeLaunay et al,* 223 Or 468, 471-72, 354 P2d 290 (1960), when defendant collided with a parked highway repair truck, the court found that his failure to decrease his speed after passing the warning signs, failure to observe the flagman, and failure to keep his vehicle under control were the result of his improper lookout and did not add up to a reckless state of mind. The directed verdict for defendant was affirmed.

[ 324 ]

The court in *Williamson v. McKenna, supra,* held defendant's negligent acts of failure to keep proper watch for oncoming traffic for one-fourth mile and turning into the flow of highway traffic without proper watch or signal, did not constitute gross negligence. The court distinguished *Turner* and *Keefer, supra,* by saying those cases revealed misconduct of an aggravated character not present therein and that defendant McKenna's conduct did not involve a high degree of probability that harm would result.

Finally, in *Burghardt v. Olson,* 223 Or 155, 165-79, 349 P2d 792, 354 P2d 871 (1960), the court held the evidence insufficient as a matter of law to warrant a finding of gross negligence where defendant's vehicle left the road after passing through a curve. The mishap occurred on a clear night on dry pavement. Defendant was exceeding the speed limit and failed to maintain control of her vehicle. The court found her acts to be nothing more than ordinary negligence.

■ The principle distilled from these cases is that mere inadvertence, brief inattention, or error in judgment as to proper speed does not constitute gross negligence without some basis for inferring that the acts were done with some reckless mental state or a conscious indifference to the safety of others. The court has been hesitant to allow cases to go to the jury where the only evidence of gross negligence is that defendant attempted to negotiate a corner at too high a speed, lost control and crashed. *See, Brown v. Bryant,* 250 Or 196, 197, 440 P2d 231 (1968).

■ Defendant's negligence began when she lost control of her vehicle when approaching a sharp turn and was confronted with an obstacle near her path. There was no prior act showing a reckless state of mind or a disregard for the safety of her guests. The accident here resulted from defendant's inept efforts to rectify her loss of control. She was not confronted by a situation which would advise her to be extraordinarily cautious such as a wet or icy road, fog or other adverse

conditions, nor had she earlier been driving in an irresponsible manner.

Plaintiff contends that *Bogue v. McKibben,* 278 Or 483, 564 P2d 1031 (1977), is controlling. In that case defendant failed to negotiate a downhill turn and the court concluded a jury could find gross negligence. The turn was well marked and defendant was warned of it by his passengers. Defendant accelerated halfway down the hill. There was also evidence defendant had prior knowledge that his brakes were malfunctioning. The court stated:

> "Defendant's appreciation of the condition of his vehicle is relevant, independent of any causation issues, as evidence of his mental state at the time of the accident and as a measure of the dangerousness of his conduct. A driver who approaches a sharp corner at 35 to 40 miles per hour may be merely negligent if his vehicle is designed and equipped for such driving, but may be considered to be grossly negligent if, measured objectively, he knew or should have known that it was in a defective condition." 278 Or at 488.

In *Bogue* defendant knowingly proceeded to drive with defective brakes. This was evidence of his disregard for the safety of his passengers. On this point the court distinguished *Brown v. Bryant, supra. Bogue* is distinguishable from the case here at issue. There is no indication in the record that defendant's car was malfunctioning or that if it was that defendant had any notice of the malfunction.

We conclude that as a matter of law the evidence is insufficient to present an issue of gross negligence.

Affirmed.