Argued September 25, affirmed December 18, 1978

COLLINS, *Respondent,*

*v.*

VANN, *Appellant.*

(No. 161 377, CA No. 10735)

588 P2d 52

Jay D. Enloe, Portland, argued the cause for appellant. With him on the brief was Vergeer, Roehr, & Sweek, Portland.

Mitchell Crew, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

This is an appeal from a judgment for damages caused to plaintiff's car during a collision between plaintiff's and defendant's cars. Defendant contends that the court erred (1) in refusing to allow him to testify concerning an alleged "excited utterance" made by a passenger in plaintiff's car, and (2) in refusing to give his requested instruction on "immediate hazard."

The driver of plaintiff's car proceeded south on NE 13th in Portland to a stop sign at the intersection with NE Prescott which is a through street. He stopped and waited for traffic to clear. As he was pulling across the intersection, defendant's vehicle approached from the east. Plaintiff's driver attempted to avoid the oncoming car by accelerating but the cars collided. The accident occurred on a rainy night. One witness testified that defendant's headlights were not on.

Defendant attempted to testify that immediately after the collision, an unidentified person fell out of plaintiff's car and stated in a "disgusted" manner:

"You like to got hit on the other corner and now you done come on down here and got hit."

Plaintiff objected to this statement and the court excluded it. Defendant contends that the statement was admissible as an "excited utterance." The crucial issue is whether the disputed statement is relevant to prove plaintiff's negligence. It is not.

In general, evidence of the occurrence of other accidents or injuries is not admissible where the issue is simply one of negligence or non-negligence on a particular occasion, except when such other accidents or injuries and the one in question are claimed to have been caused by a continuing course of negligent action or conduct. *Saunders v. Williams & Co.,* 155 Or 1, 7, 62 P2d 260 (1936) *citing* 45 CJ 1246, § 809. In the instant case, the disputed statement does not describe negligent conduct. The unidentified person did not say that plaintiff was at fault, nor did the comment provide any

facts indicating fault. Indeed, the only fact mentioned in the statement which relates to the exciting occurrence is that plaintiff's car "got hit" — which was undisputed. An excited utterance must be relevant before it is admissible. The statement must relate to the *circumstances* of the occurrence. *Wright v. Swann,* 261 Or 440, 445, 493 P2d 148 (1972).

■ Defendant next contends that the court erred in failing to give his requested "immediate hazard" instruction. The trial judge gave the following adequate instruction:

"I instruct you also, ladies and gentlemen, that there is statutory law in the State of Oregon which provides for the right of way under certain circumstances. The right of way statute relevant to this case states that a driver approaching a stop sign shall stop at the marked stop line, or if none exists, he shall stop before entering the cross walk. If there is no crosswalk, he is to stop at a point nearest the intersecting roadway where he has a view of approaching traffic on the intersecting street. After stopping, the driver shall yield the right of way to any vehicle in the intersection or approaching so closely as to constitute an *immediate hazard* during the time when the driver is moving across or within the intersection." (Derived from ORS 487.255.) (Emphasis supplied.)

It was not necessary for the trial court to do more than instruct the jury as to the applicable statute. *Hermann v. Wohlers,* 244 Or 441, 448, n 1, 419 P2d 45 (1966).

Affirmed.