# STATE OF OREGON,
*Respondent,*

*v.*

# HENRY CLARENCE BRINAGER,
*Appellant.*

## (CM 87-0255; CA A47882)

771 P2d 658

Richard D. Curtis, Eugene, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., concurring.

## RIGGS, J.

Defendant appeals his conviction on two counts of criminally negligent homicide. ORS 163.145. He assigns as errors the court's admission of evidence regarding his pattern of driving before the accident giving rise to the homicide charge and its denial of his motion for judgment of acquittal. We affirm.

■ Defendant contends that the court erred by admitting testimony from the Mansers, a husband and wife who observed defendant's driving before the accident. Defendant argues that their evidence is too remote. They had watched defendant's driving for a 10- to 15-minute interval that ended approximately five minutes before, and two-and-a-half miles from, the collision. They testified that they had seen defendant talking to his passenger, taking his eyes off the road and swerving both inside and outside of his lane to the extent that he nearly collided with an oncoming vehicle. The court found that testimony probative, despite the time lapse and distance involved. We agree.

OEC 401 defines relevant evidence as

"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In determining whether evidence of previous driving conduct is too remote, the courts have required that "there must be other evidence from which the jury could find that the party's conduct some time and distance before the accident continued up to at least shortly before the accident." *Cox v. Jacks,* 268 Or 180, 184, 519 P2d 1041 (1974). Typically, either multiple observations by different observers or combinations of types of evidence, such as speeding and intoxication, have established the necessary pattern. *See, e.g., Shoopman v. Long,* 252 Or 341, 449 P2d 439 (1969); *Carter v. Moberly,* 263 Or 193, 501 P2d 1276 (1972); *see also Annot.,* 46 ALR2d 9.

We see no reason why a pattern cannot be established through multiple observations by the same witnesses over a period of time, as happened here. The Mansers' observations suggest a sustained pattern of inattentive and erratic driving that makes it more probable that defendant's driving at the

time of the collision, five minutes later, was also inattentive and erratic. The evidence is relevant and therefore admissible under OEC 402.

Defendant also claims that the trial court erred in denying his motion for acquittal because the evidence, taken as a whole, failed to establish criminally negligent homicide. ORS 163.145 provides, in pertinent part:

> "(1) A person commits the crime of criminally negligent homicide when, with criminal negligence, the person causes the death of another person."

ORS 161.085 defines criminal negligence:

> " 'Criminal negligence' or 'criminally negligent,' * * * means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

The court, relying heavily on the Mansers' testimony, found defendant guilty. Defendant argues that the state failed to prove the "reckless state of mind" requirement necessary to support a conviction. *See, e.g., Smith v. Barry,* 37 Or App 319, 587 P2d 483 (1978). Without the Mansers' testimony, the evidence would not have supported a finding of criminal negligence, because there would have been no evidence to indicate that defendant should have been aware of a problem with his driving. Given our holding on the admissibility of that evidence, however, we also hold that the trial court properly denied defendant's motion for acquittal. A reasonable trier of fact could have found beyond a reasonable doubt from the evidence that defendant should have been aware that his driving posed a substantial and unjustifiable risk and that his failure to be aware represented a "gross deviation from the standard of care that a reasonable person would observe in the situation."[1]

Affirmed.

---

[1] We need not discuss the remaining assignments of error.

**EDMONDS, J.,** concurring.

I am troubled by the majority opinion because it appears to hold that separate acts of ordinary negligence by defendant occurring within two and a half miles of each other suffice to prove beyond a reasonable doubt that defendant committed criminal negligence. The trial court and the majority conclude that, although defendant was not aware that he previously had been driving over the center line, the pattern of driving observed by the Mansers when combined with the facts of the accident resulting in the victim's death prove that he should have been aware of the risk that his driving was creating.

In *State v. McLaughlin,* 42 Or App 215, 219-220, 600 P2d 474 (1979), we held that, when the legislature enacted ORS 161.085(10), it did not intend to permit a lesser quantum of proof to go to a jury in a criminal case than would be permitted in a civil case involving gross negligence as defined by case law and ORS 30.115(2).[1] *See also State v. Wilcox,* 216 Or 110, 336 P2d 797 (1959).

In *Gonzalez v. Curtis et ux,* 217 Or 561, 339 P2d 713 (1959), the court affirmed a judgment notwithstanding the verdict based on a lack of evidence of gross negligence. It stated:

> "The plaintiff argues that the defendant-driver was guilty of several acts of ordinary negligence and, therefore, this combination of acts presents a jury question; citing *Burrows v. Nash,* [199 Or 114, 259 P2d 106 (1953)]. It should be pointed out, in this connection, that, although it may be shown that the occurrence was preceded by several acts of ordinary negligence, it is only when all of these acts combined with the existing circumstances show a fool-hardy attitude on the part of the driver that gross negligence has been established." 217 Or at 563. (Citations omitted.)

---

[1] ORS 30.115(2) provides:

" 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

Although "recklessly"[2] and "criminal negligence" are defined differently by statute, the two standards encompass the same types of behavior formerly characterized as "gross negligence." *State v. McLaughlin, supra,* 42 Or App at 219 n 4. Without a reckless mental state or a conscious indifference to the safety of others, mere inadvertence, brief inattention or error in judgment does not constitute gross negligence. *Smith v. Barry,* 37 Or App 319, 325, 587 P2d 483 (1978).

In this case, Robin Manser testified regarding defendant's driving just before the accident:

> "The station wagon made some very large swerves into the other lane. At one point he swerved clear in the other lane in front of a white Volkswagen and went back into his own lane to avoid getting into an accident. He would swerve in and out of his own lane. At times he would be in his own lane swerving. A— he must have swerved three, four times, large swerves into the other lane."

From that testimony, the trier of fact could have found beyond a reasonable doubt that defendant had a conscious indifference to the safety of others as he drove down the highway, swerving into the oncoming lane on four occasions immediately preceding the accident. Crossing the center line on more than one occasion does not constitute gross negligence unless the conduct is accompanied by the requisite mental state. However, in this case, an inference of gross negligence may be drawn from the combination of negligent acts.

---

[2] ORS 161.085(9) provides:

" 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."